## BUTTS vs. PEACOCK and another.

*Chattel mortgage — when fraudulent as to creditors.*

1. Whether a chattel mortgage for a greater amount than is due, even though designed to secure future advances, is not void as against creditors, if such design does not appear on its face, *quære.*
2. The fact that such a mortgage was taken from one known by the mortgagee to be in failing circumstances, and pressed by his creditors, is *conclusive* evidence of fraud; and so the jury should be instructed in a proper case.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin. Verdict and judgment for the plaintiff; and defendants appealed.

*E. S. Bragg*, for appellants.

*Hooker & Beach* (with *Gillet & Pier*, of counsel), for respondent.

PAINE, J. The plaintiff, claiming the property in controversy under a chattel mortgage from Mullen, sued the defendants, the

sheriff and his deputy, who had seized it under an attachment against Mullen. It was claimed that the mortgage was fraudulent and void as against Mullen's creditors.

It appeared from the plaintiff's own evidence, that Mullen was embarrassed, was pressed by his creditors, and was apprehensive that they would take all he had; and that all this was communicated to the plaintiff before he took the mortgage. With this knowledge, on an advance of only $570, he took a chattel mortgage of $1100, covering all of Mullen's property, and which amount was greater than its value. He said that it was designed to cover future advances; but nothing of the kind appeared on the face of the mortgage, which purported to be for an absolute existing indebtedness. Upon such evidence the defendant asked the following instruction: "That a failing debtor, giving a mortgage to one who knew his circumstances, on all his property, for an amount greater than was owing and in excess of the value of the property, and a claim of the mortgagee to hold the property for the full amount against a creditor, such a mortgage was fraudulent and void as against such creditor." This the court refused; but it ought to have been given.

There are several high authorities holding a mortgage given for a greater sum than is actually due, even though designed to secure future advances, void as against creditors, for this alone, if it does not disclose its real character on its face. *Pettibone v. Griswold*, 4 Conn. 158; *North v. Belden*, 13 id. 376; *Hart v. Chalker*, 14 id. 77; *Youngs and others v. Wilson*, 24 Barb. 510; *Divver v. McLaughlin*, 2 Wend. 596; *Bailey v. Burton*, 8 id. 339. There are certainly strong reasons for holding such a mortgage fraudulent in law, upon the ground that it necessarily tends to hinder and delay the creditors of the mortgagor. It tends directly to deceive and mislead them, by inducing them to believe that the property is absolutely incumbered to the amount expressed on the face of the mortgage, when in truth it

is not so. And it is clear that this might materially hinder them in the enforcement of their claims.

But even though it should be held that such a mortgage is not necessarily fraudulent, and that if the surrounding circumstances are such as fully to repel any idea of fraud, it may be sustained; yet, where the surrounding circumstances are of directly the opposite character, the jury should be told that such a mortgage is fraudulent.

Taking such a mortgage from a debtor known to be in failing circumstances, and to be pressed by his creditors, is conclusive evidence of an intent to hinder and delay those creditors, because such is its natural and necessary effect. And a party is not to be heard to say that he did not intend what he knows to be the natural consequence of his actions.

The question whether there was a fraudulent intent is, undoubtedly, generally one of fact, because it is to be arrived at from the existence of other facts which tend to show it. And whether such other facts exist in any particular case or not, is for the jury. But whether such other facts, when conceded to exist, are sufficient to indicate conclusively an intent to hinder and delay creditors, is a question of law. And that such was the character of the facts stated in the instruction asked, there can be no question. Sound policy requires that the court should instruct the jury, as matter of law, that to take such a mortgage, under such circumstances, is fraudulent as against creditors. It is as much a question of law, whether a conveyance of this character, made under such circumstances, is fraudulent, as it is whether an absolute conveyance, made with a secret trust in favor of the vendor, is fraudulent. See *Place v. Langworthy*, 13 Wis. 629; *Coolidge v. Melvin*, 42 N. H. 510.

It was error to refuse this instruction, and the judgment must be reversed, and the cause remanded for a new trial.

*By the Court.*—Ordered accordingly.