## JAMES A. CURTIS ET AL. v. LUTHER T. WILCOX.

*Chattel Mortgage on after-acquired goods.*

It is allowable in Michigan that a chattel mortgage on a dealer's stock be made to cover after-acquired goods; but they must be brought within its descriptive words, and a mortgage drawn to cover goods to be "added to" the stock or gotten "for use" in the business, will not include goods bargained for but never received at the place of business, or which, on being received are devoted to some other purpose.

Error to St. Joseph. Submitted Oct. 12. Decided Oct. 31.

TROVER. Defendant brings error. Reversed.

*Howell, Carr & Barnard* for appellant.

*O. F. Bean* and *J. W. Donovan* for appellee.

COOLEY, J.  The plaintiffs in this case sued the defendant in trover for the conversion of a stock of goods which they claimed under a chattel mortgage given by Gilbert Dickerson.  The mortgage bore date September 14, 1878, and covered a stock of goods with which Dickerson was carrying on business at Three Rivers, and also a number of peddlers' wagons and the horses in use with the same; "also all the stock, goods, wares and merchandise that the said party of the first part may add to or get for use in the said business, or for which he shall exchange or trade any of the aforesaid goods, wares, merchandise, chattels or property in the course of his said business."  The mortgage described Dickerson as of Plainfield, in Kent county, and a copy was filed in that township September 23, 1878, and in Three Rivers nine days later.  Before the filing in three Rivers Dickerson had commenced shipping his goods to plaintiffs at Grand Rapids, and they took nominal possession under the mortgage.  New purchases which Dickerson had made on credit were then being received, and some of these were shipped to plaintiffs directly from the railroad station at Three Rivers without ever having passed into Dickerson's possession, except as he may be said to have assumed to have constructive possession in ordering reshipment.

The defendant was sheriff of St. Joseph county, and seized the goods by virtue of executions against Dickerson. One of these was in favor of Waldo M. Johnson and others, and another in favor of Delos Phillips.  Both these houses had shipped goods to Dickerson in September, 1878, and one shipment was made as late as September 28th.  It is inferable that this last shipment, which was of some magnitude, was among those which were reshipped without having been taken by Dickerson into actual possession.

The defendant disputed the validity of the mortgage for several reasons.  He contended that it was in part, if not wholly, without consideration; that it was given and received with intent to defraud Dickerson's creditors; that it was fraudulently kept off the record for a time, and that plaintiffs fraudulently assisted Dickerson to establish a fictitious

credit. On all these matters the case was submitted to the jury, and the finding was against the alleged fraud.

As to any goods purchased by Dickerson after the giving of the mortgage and before its filing in Plainfield, the circuit judge instructed the jury that the mortgage would be fraudulent in law and ineffectual, but the effect of other instructions was that the mortgage would cover all other goods unless actual fraud was made out.

The rule in this State is that a mortgage may be made to cover after-acquired property. *People v. Bristol* 35 Mich. 28; *American Cigar Co. v. Foster* 36 Mich. 368; *Cadwell v. Pray* 41 Mich. 307. But we have never ruled that a chattel mortgage made to cover the ordinary additions to a stock of goods will cover property purchased but never added to the stock.

To subject any property to the lien of a chattel mortgage it must come within its descriptive words. Goods are certainly not "added to" a business when they are merely bargained for but never received at the place of business, or taken possession of for the purposes of the business. Nor, as I think, can property be said to be gotten "for use" in a business when, before reception, it is diverted to some other purpose, so that the intent to make use of it in the business is at no time present after the property has come to hand. Such was the case here as to such of the property as was reshipped to Grand Rapids from the railroad station. What the amount of that property was the record does not plainly disclose, nor exactly when it was purchased; but as the verdict does not distinguish between it and the other goods, it becomes necessary to award a new trial.

The other Justices concurred.