# JANUARY TERM 1884.*

GEORGE H. WELDON v. DEWITT C. LYTLE.

*Guardian's sale of interest in ward's land.*

A guardian of minor heirs gave a person permission to put in a crop on their land and to keep two-thirds of it when harvested. *Held*, that the guardian had a legal right to make this arrangement; and that upon the sale of the land under a probate license to one who had notice of it, the cropper's rights were not affected. And a removal of the crop by the purchaser, after the cropper had cut it, was a conversion.

Error to Van Buren. (Mills, J.) Jan. 10.—Mar. 6.

TROVER. Defendant brings error. Affirmed.

*G. W. Lawton* and *Crane & Breck* for appellant.

*Lester A. Tabor* for appellee. When a lease is terminated otherwise than by the voluntary act of the tenant, he or his legal representatives is entitled to the growing crops or emblements, and may enter upon the land to cultivate and remove them : Cooley on Torts 434 ; *Bevans v. Briscoe* 4 Har. & J. 139 ; *Davis v. Thompson* 13 Me. 209 ; *Davis v. Brocklebank* 9 N. H. 73 ; *Orland's Case* 5 Co. 116 ; and where the landlord appropriates the crop to the exclusion of the tenant, the tenant may recover in an action of trover : *Stewart v. Doughty* 9 Johns. 108 ; *Forsythe v. Price* 8 Watts 282 ; *Robinson v. Kruse* 29 Ark. 575 ; *Harris v. Frink* 49 N. Y. 24 ; a tenant in common of chattels can bring trover against a co-tenant who has refused, on demand, to admit him to his rights, and has distinctly claimed sole ownership : *Grove v. Wise* 39 Mich. 161 ; *Bray v. Bray* 30 Mich. 479.

---

CHAMPLIN, J. Plaintiff brought an action in trover against the defendant to recover damages for the unlawful conversion of a quantity of wheat.

Mrs. Baughman was the widow of Jonathan Baughman, and guardian of the estate of the minor heirs. A portion of this estate consisted of the interest of these minors as heirs at law of Jonathan Baughman in the west three-fourths of the southeast quarter of section three, in township four south, range thirteen west. In 1881, Charles Baughman, an adult son, resided on the land as a tenant under his mother as guardian. The plaintiff also worked a part of the land on shares under an agreement with the guardian. In August of that year, at the request of Charles, plaintiff applied to Mrs. Baughman for permission to put in a crop of wheat on shares. There was some disagreement among the witnesses respecting the exact terms and conditions of the agreement under which the plaintiff put in the crop of wheat, and the judge so framed his charge as to submit the questions of fact under the varying testimony of the witnesses.

The plaintiff testified that he made the agreement with Mrs. Baughman between the 15th and 20th of August, 1881, to the effect that he should go on and plow the ground, furnish the seed, put in the wheat, and harvest it for two-thirds of the crop, and deliver to her one-third in the half-bushel; and soon after that, in consequence of a talk with Mrs. Baughman about buying the place, they went to the judge of probate in order that she might make a petition for license to sell; that at the probate office, in presence of the judge, it was again talked over about his putting in the wheat for two-thirds of the crop, and that the judge said she had no right to make such a lease; that notwithstanding he then again agreed with Mrs. Baughman that if he bid on the sale more than anybody else he should have the whole crop, and if any one else bid more than he did, he should have two-thirds thereof; and that under such understanding he continued on and put in the wheat. Mrs. Baughman, who was called by the defendant, agrees substantially with the plaintiff, except that she says she told him if she had the

power to let him go on and put in the wheat he might do so, but she would ascertain as to her right from the judge of probate, and after seeing the judge she told him she could not do it.

The license to sell was obtained, and the premises put up and sold at public auction to the highest bidder, who was the defendant in this case. The auctioneer states that he announced at the sale that the property would be sold without reserve, except a two-thirds interest in one-third of the wheat on the ground; and that the plaintiff and defendant were both present and bid at the sale. The defendant was informed before he bought at the sale that plaintiff had put the wheat in. When the wheat was ready to be harvested in 1882 the plaintiff cut it, and while part of it was in the shock and part lying in bundles the defendant, without plaintiff's knowledge or consent, hauled it away and locked it up in a barn, and refused to inform plaintiff who had hauled it away or where it was, and refused to deliver plaintiff's share to him on demand.

We have no doubt whatever of the legal right of Mrs. Baughman, as guardian, to make an arrangement of the kind testified to by plaintiff— *Campau v. Shaw* 15 Mich. 226; *Kinney v. Harrett* 46 Mich. 89—and the jury by their verdict have settled the question of fact that such an arrangement was made. Plaintiff's interest in the growing crop was not divested or in any way affected by the sale to the defendant. Plaintiff had the legal right to harvest the wheat and deliver one-third to defendant, and to retain two-thirds himself. This he was prevented from doing by the wrongful act of the defendant. Neither have we any doubt whatever, from the record before us, that the acts of the defendant amounted to a conversion of the wheat.

We discover no error in the record and the judgment **of** the circuit court is affirmed.

The other Justices concurred.