MEDERIC W. CHARPENTIER AND JUSTINE CHARPENTIER v. TIMOTHY BRESNAHAN, SHERIFF OF MUSKEGON COUNTY.

*Exemptions— Under How. Stat. sec. 7686, subd. 8—Of property to enable any person to carry on his business—Is beyond the control of his wife, and may be sold or mortgaged—Or released to execution plaintiff, which amounts to a sale to pay debts.*

Defendant, as sheriff of Muskegon county, levied an execution on the entire stock of goods of the judgment debtor, valued at five hundred and forty-five dollars, who released in writing to the plaintiffs

all exemptions, or right to exemption, which he had in said property. The officer made no inventory or appraisal of the goods, and a few days after such release the execution debtor and his wife joined in a replevin suit for such exempt property.

*Held,* that under How. Stat. § 7686, subd. 8, the statutory exemption therein provided for is beyond the interference of the wife, and its use and disposition vested *solely* in the husband, who may sell or mortgage it, or release it to an execution creditor, which amounts to a sale to pay his debts.

Error to Muskegon. (Russell, J.) Argued July 1, 1886. Decided July 8, 1886.

. Replevin. Defendant brings error. Reversed. The facts are stated in the head-note.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*F. W. Cook,* for plaintiffs.

Morse, J. There is only one question in this case presented to our consideration.

Medcrick W. Charpentier was engaged in the grocery business in the city of Muskegon. He had no other business, and no other stock in trade except that in his grocery store.

The defendant, as sheriff of the county of Muskegon, levied upon his entire stock of goods, with several executions, aggregating about $700 in amount. The stock and fixtures so levied upon were worth $545.

After the levy, Charpentier, at the request of one of the execution creditors, signed and delivered to the sheriff, or one of the creditors, a paper writing as follows:

"Muskegon, Michigan, January 5, 1885.

"For value received, I hereby waive, release, and relinquish to Lewis E. Hawkins and George R. Perry, plaintiffs named in the execution this day levied on my stock of goods, wares, and merchandise, store fixtures, etc., in the city of Muskegon, by the under-sheriff of Muskegon county, Michigan, all exemptions, and right to exemption, which I have, or may be entitled to, in and to said stock, under the laws of the State of Michigan.

"M. W. Charpentier."

Thereupon the defendant did not cause any appraisement to be made, or in any way set off to Charpentier any exemption in said goods, but allowed him to take five or six dollars' worth of groceries for immediate family use.

On the thirteenth of January, 1885, the plaintiffs, husband and wife, joined in the writ of replevin, and in said writ described a portion of the stock in trade, amounting, as M. W. Charpentier testified, to $312 in value. The coroner served the writ, and took the entire stock into his possession.

It appeared on the trial that the wife, Justine Charpentier, did not know of or consent to the making of the paper signed by her husband, nor did she waive an appraisal or setting out of the statutory exemption of $250 in said stock in trade.

The replevin suit was instituted upon the theory that the husband could not waive this exemption without the consent of his wife, and the court below so held.

On the trial the husband claimed that when he signed the paper he did not know that it contained any waiver of his exemption. He supposed he was signing a receipt for the few groceries he took for family use.

The defendant, however, introduced testimony tending to show that Charpentier fully understood the nature and contents of the paper; that the sheriff, notwithstanding the execution of said waiver, endeavored to have him take out his exemption; but he declined to do so, and only took the small amount of groceries before mentioned.

The court below was in error in instructing the jury that the plaintiffs were entitled to recover the exemption.

It is, admitted by the counsel for the plaintiffs that the husband could have sold or mortgaged the whole of this stock of goods without the consent of his wife, but he argues that it cannot be waived, as against a creditor, as it would deprive the family of the benefit of the exemption, and work at least a moral fraud upon the rights of the wife.

If the husband can sell his entire stock in trade, and put the money in his pocket, or spend it as he may choose, with-

out the consent of his wife, there can be no good reason why he may not pay his debts with it, as that is all the waiver amounts to.

Besides, the laws of our State give ample protection to the rights of the wife and family in the property of the husband, and have specified in various ways what exemptions shall inure to their benefit, and are under the wife's control. This exemption, however, is expressly put outside of her interference by the statute, and the use and disposition of the right placed entirely in her husband: How. Stat. § 7686, subds. 8, 9.

The judgment of the court below is reversed, with costs, and a new trial granted.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. SHERWOOD, J., did not sit.