## BETZ *v.* BRENNER.[1]

1. EXEMPTIONS — PRINCIPAL BUSINESS OF DEBTOR—ABANDONMENT— EXECUTION SALE—RIGHTS OF WIFE.

The exemption of $250 given by 2 How. Stat. § 7686, subd. 8, to enable one to carry on the business in which he is wholly or principally engaged, is beyond the control of the debtor's wife, and therefore the wife of a merchant who has abandoned his business, with which she has no connection, cannot maintain an action against an execution creditor of the husband for the value of an exemption in the stock, under 2 How. Stat. § 6297.

2. SAME.

An insolvent merchant, having stated that he would return to his home within a few hours, left for parts unknown.

---

[1] Rehearing denied December 17, 1895.

Three days after his departure, his stock was attached. Although no claim of exemption was made, the officer set aside goods to the value of $250 as exempt under 2 How. Stat. § 7686, subd. 8. Four months thereafter, the goods so selected, having in the meantime remained unclaimed, were seized and sold under execution, and the debtor's wife brought trover for their value. Nothing had been heard from the debtor at the time of the trial, which occurred eight months after his departure. *Held*, that the debtor had abandoned his business, and hence lost his exemption right, and that verdict should have been directed for defendant.

Error to Washtenaw; Kinne, **J.** Submitted June 6, 1895. Decided July 2, 1895.

Trover by Lydia Betz against Michael Brenner for property seized by defendant on execution against plaintiff's husband, and alleged by her to be exempt. From a judgment for plaintiff, defendant brings error. Reversed, and judgment for defendant.

Louis Betz, the husband of plaintiff, was engaged in the saloon and grocery business in the city of Ann Arbor. His stock was of the value of about $1,100. He became insolvent, and on July 23, 1893, left his home, saying that he was going to Whitmore Lake, a small summer resort 10 miles from Ann Arbor, to engage rooms for himself and his wife, and would return in a few hours to take his wife there. He did not go to Whitmore Lake, but absconded, and at the time this case was tried, in March, 1894, had not been heard from. He had two clerks, who remained in charge of the business. Plaintiff had nothing to do with the business, and her home was not in the same building. July 26th several of his creditors commenced attachment suits, which were placed in the hands of the defendant, the sheriff of the county, for service. Upon the assumption that Mr. Betz was entitled to an exemption of goods to the value of $250, the defendant selected and set aside goods to that amount, although no one appeared for him and asked it. Whether they were

left in the saloon or were placed elsewhere does not appear. It does appear, however, that neither Mr. Betz nor any one for him appeared to claim the exemption or the property so selected, and it was not levied upon until November 25, 1893, when the defendant seized it under a subsequent execution, and sold it December 2d. Plaintiff, after making demand, brought this action of trover to recover the value of the exemption. The court directed a verdict for the plaintiff.

*J. W. Bennett*, for appellant.

*Lehman Bros.*, for appellee.

GRANT, J. *(after stating the facts).* We think it conclusively appears that Mr. Betz had abandoned his business. He had absconded under false statements, and it is apparent that he did not intend to return to continue his business or to demand any exemption in the goods. The object of the exemption of stock in trade is well stated in *Harris* v. *Haynes*, 30 Mich. 140. It was held in *Charpentier* v. *Bresnahan*, 62 Mich. 362, that the husband might sell, mortgage, or release to the execution creditor, his right to this exemption. It is vested solely in the husband, and he may use or dispose of it as he sees fit. Under a similar state of facts it was held that where a farmer had abandoned farming, and absconded, his team ceased to be exempt. *Miller* v. *Miller*, 97 Mich. 151. In that case neither the husband nor wife lived upon the farm. It was not a case where the wife lived with her husband upon the farm and assisted in carrying it on. If the husband may sell, mortgage, or release without his wife's assent, he may likewise abandon his exemption, and where such abandonment is conclusively shown the court should direct a verdict for the defendant.

Judgment reversed, and entered in this court for the defendant, with the costs of both courts.

The other Justices concurred.