108 | 313
s 112 | 48
108 | 313
s 112 | 47
s 116 | 622

LOUDEN *v.* VINTON.

1. CHATTEL MORTGAGES—ACCEPTANCE—SUFFICIENCY.

A mortgagee, on being informed of the execution and filing of the mortgage, which had taken place without her knowledge, but pursuant to the agreement of the mortgagor to give her security, authorized her attorney to take possession of the property in her interest, which he did by a third party, and was in actual possession when the property was attached by creditors of the mortgagor. *Held,* that there was a sufficient acceptance of the mortgage.

2. SAME—EVIDENCE.

On the trial of a suit brought by the mortgagee to recover the value of the property, she was asked whether she was still satisfied with what her attorney had done in taking the mortgage, and answered that she was "if she got her pay, and not before." *Held,* that this did not contradict her testimony that, with knowledge of the mortgage, she gave her attorney authority to take possession of the property.

3. SAME—TRIAL—ORDER OF PROOF—NOTE SECURED BY MORTGAGE.

An objection to the introduction of a mortgage in evidence on the ground that the note which it was given to secure, and which is referred to therein, is not offered with the mortgage, and has not been proved, goes only to the order of proof, and is properly overruled. In such case, however, the party is entitled to have the note produced or its absence accounted for; but, if he fails to insist upon such right, he cannot afterwards be heard to complain.

4. SAME—UNCERTAINTY.

The recital in a chattel mortgage of a desire on the part of the party of the first part to secure to "said *first* party" the payment of the sum named therein does not invalidate the security as to the mortgagor's creditors, where the mortgage acknowledges a consideration received from the party of the second part, and the grant is made to said party.

5. SAME—SUFFICIENCY OF DESCRIPTION.

The property covered by a chattel mortgage was described as "all the stock in trade, goods, wares, and merchandise, furniture, and fixtures, of every name and nature, situated in the building now occupied by said first party in the village of T.,

and all goods and wares and merchandise and personal property that may hereafter be acquired by us, and placed in said store building, excepting from the terms and conditions of this mortgage such property as is by law exempt from levy and sale upon execution, hereby reserving the right to make selection of said exempt property." *Held*, that, applying the test laid down in *Willey* v. *Snyder*, 34 Mich. 60, the description was sufficient.

6. Same—Continuation of Business—Sales by Mortgagor.

A mortgage on a stock of goods is not void as against the creditors of the mortgagor merely because it contains a clause permitting the latter to sell in the usual course of trade.

7. Same—After-Acquired Property.

A chattel mortgage may lawfully cover after-acquired property.

8. Same—Evidence.

Where a chattel mortgage is given to secure the mortgagee against liability on certain notes given by her for the mortgagor's debts, the notes are competent evidence for the purpose of fixing the amount of the indebtedness.

9. Same—Fraud—Excessive Consideration.

The amount found due on a chattel mortgage given to secure a debt to the mortgagee, and also to secure her against liability on notes given for the mortgagor's debts, was less than the amount of the mortgage. The mortgagor testified that he supposed, at the time he made the mortgage, that the indebtedness to the mortgagee amounted to the face of the mortgage, and the mortgagee testified that she had not figured up the amount at the time she accepted the mortgage. *Held*, that the fact that the mortgage was given for more than the amount due was a badge of fraud, but not conclusive evidence thereof, and that the question of the *bona fides* of the transaction was properly submitted to the jury.

10. Same—Damages—Rights of Surety.

As against a stranger or wrong-doer, a mortgagee who is secured as surety on notes of the mortgagor has the right to hold the property, or in lieu thereof, in a suit for its value, to recover a sufficient amount to indemnify her, although she has not paid the notes.

11 Trial—Remarks of Counsel.

A judgment will not be reversed because of a statement by plaintiff's counsel in his opening argument to the jury that the defendant was a wealthy corporation, bent upon crushing

the plaintiff, where counsel did not thereafter persist in that line of argument, and no request for an instruction on the subject was preferred by the defendant.

Error to Grand Traverse; Corbett, J. Submitted January 7, 1896. Decided February 18, 1896.

Trover by Clara Louden against Medad Vinton, sheriff of Grand Traverse county. From a judgment for plaintiff, defendant brings error. Affirmed.

*Dodge & Covell*, for appellant.

*Foster & Crotser* and *Pratt & Davis*, for appellee.

MONTGOMERY, J. Defendant is sheriff of Grand Traverse county, and as such levied two attachments upon a stock of hardware as the property of one Anthony Pohoral, at the suits, respectively, of Buhl Sons & Co. and the Pritzlaff Hardware Company. These suits proceeded to judgment, and executions were issued, and defendant, acting as sheriff, made a sale of the property to Buhl Sons & Co. The plaintiff claims under a chattel mortgage made and signed on the 1st day of November, and filed on November 17, 1894, both dates being earlier than the attachments. The mortgage was made without the intervention of plaintiff, and in pursuance of an agreement on the part of Pohoral to secure her for indebtedness owing to her, and indebtedness against her on account of certain obligations which she had incurred as surety. It does not very clearly appear as to just when the plaintiff learned that the mortgage had been executed, although it is clear from her testimony that it was before the attachments, and she also testified that she accepted it; and it would seem that possession was taken on her behalf before the levy. The mortgage was given for $3,500, and, as Pohoral testifies, was intended to cover his indebtedness to plaintiff, amounting to $1,140, and to secure her against liability on a note given by her for Pohoral's debt, to one James A. Venn, of $700 and interest, and to in-

demnify her against liability on a note of $1,106.30 given to Rathbun, Sard & Co., also as surety for Pohoral. The contention of defendant, before the trial court, was: *First*, that the mortgage was fraudulent in fact; *second*, that the fact that the mortgage was given for a larger amount than was actually owing made it fraudulent in law; *third*, that the mortgage was invalid for want of sufficient description; *fourth*, that it was invalid as to creditors, because it covered after-acquired goods, and permitted sales from the stock. In addition to these main contentions, it is insisted that error was committed in the admission of testimony and in the refusal to charge as requested. There are a large number of assignments of error, which we find it unnecessary to refer to in detail, but think it better to deal with the questions presented substantially in the order adopted in appellant's brief.

The first four assignments of error relate to rulings upon testimony offered to show the identity of the goods levied upon by the defendant with those described in the declaration in this case. We discover no error in these rulings. The proof is so clear as to leave no room for question about the facts.

The fifth assignment relates to the ruling of the circuit judge admitting the mortgage in evidence, the objection being that there had not been a delivery and acceptance by the plaintiff. There was testimony, however, that plaintiff was informed of the execution and filing of the mortgage after it was filed, and that, through her attorneys, she authorized a Mr. Huellmantel to take possession of the stock of goods in her interest, and that he was actually in possession when the attachments were levied; and plaintiff further testified that she thought the mortgage and note were brought to her before the levy was made. This constituted a sufficient acceptance. Stress is laid upon testimony of the plaintiff, given in one part of her examination, in answer to the question, "whether you are still satisfied with what your attorneys did in taking that mortgage of $3,500 for you on that stock of

goods," as follows: "Well, I am satisfied if I get my pay, and not before." This did not contradict her testimony that she, with knowledge of the mortgage, gave her attorneys authority to take possession of the stock.

A further objection to the admissibility of the mortgage in evidence was that it referred to an accompanying note, and this note was not offered with it, or proven before the offer of the mortgage was made. We think this objection to the introduction of the·mortgage in evidence was not good, at the time. It, at best, only went to the order of proof; and, while the defendant had the right to demand the production of the note or have its absence accounted for, he seems not to have taken this course, but the plaintiff was subsequently interrogated by him about the note, and neither party offered it in evidence. See *Hill* v. *Merriman*, 72 Wis. 483.

It is further contended that the mortgage should not have been received, for the reason that no proof had been made connecting it with the subject-matter in the cause, and it is claimed that no such proof was afterwards made; but we think that there is abundant evidence making the connection, and do not deem it profitable to set it out at length in this opinion.

It is next asserted that the mortgage is too uncertain to be valid as against creditors. The mortgage, after reciting that it is made between Anthony Pohoral, of the first part, and Clara Louden, of the second part, witnesseth that, whereas, said party of the first part is indebted to said Clara Louden in the sum of $3,500; and whereas, *said party of the first part* desires to secure to *said first party* the payment of said sum of money: Now, therefore, the said first party, in consideration of the above sum of money to him paid by the party of the second part, etc., does grant, bargain, and sell unto said party of the second part, all and singular, etc. It is contended that the recital of the desire to secure the first party to the instrument is evidence of a trust in his own favor. It is conceded that the subsequent provision seems to express

a different intent, but, it is seriously asked, "How shall the real intent be determined?" We answer, by reading the mortgage. It is perfectly plain that, whatever error was committed in reciting the desire (and it was an error which corrected itself), the mortgage acknowledged a consideration received from the second party, and the grant was to the second party.

It is next urged that the description of the property in the mortgage is not sufficient to lead to its identity. The description is as follows:

"All the stock in trade, goods, wares, and merchandise, furniture, and fixtures, of every name and nature, situated in the building now occupied by said first party in the village of Traverse City, Michigan, and all goods and wares and merchandise and personal property that may hereafter be acquired by us, and placed in said store building, excepting from the terms and conditions of this mortgage such property as is by law exempt from levy and sale upon execution, hereby reserving the right to make selection of said exempt property."

The rule, as stated in *Willey* v. *Snyder*, 34 Mich. 60, is that the written description is to be interpreted in the light of the facts known to and in the minds of the parties at the time, and that a subsequent purchaser or mortgagee is supposed to acquire a knowledge of all the facts, so far as they may be needful to his protection, and he purchases in view of that knowledge; that descriptions alone do not identify,—they only furnish the means of identification. Applying this test, the description is sufficient. See *Wade* v. *Strachan*, 71 Mich. 459.

It is also contended that the mortgage is void, for the reason that it covers after-acquired property, and for the reason that, as it permits the mortgagor to sell from the stock, and apply the proceeds to his own use, it creates a trust in his favor, contrary to section 6184, 2 How. Stat. The permission to sell in the usual course of trade does not invalidate the mortgage. *People* v. *Bristol*, 35 Mich. 28; *King* v. *Hubbell*, 42 Mich. 597. And a mortgage

can be given covering after-acquired property. *Curtis* v. *Wilcox*, 49 Mich. 425.

Defendant objected to the introduction in evidence of the notes upon which plaintiff was liable, as evidence of the indebtedness secured. Plaintiff's testimony, and that of Pohoral, tended to show that the mortgage was given to secure the indebtedness, and these notes were competent for the purpose of fixing the amount.

The amount found due plaintiff was less than the amount of the mortgage. Pohoral testified that he supposed, at the time he made the mortgage, that the indebtedness to plaintiff amounted to the face of the mortgage, and plaintiff testified that she had not figured up the amount at the time she accepted the mortgage. The fact that the mortgage was given for more than was due was a badge of fraud, but not conclusive evidence of fraud. Jones, Chat. Mortg. §§ 92, 339; *Bush* v. *Bush*, 33 Kan. 556; *Wood* v. *Scott*, 55 Iowa, 114; *Lyon* v. *Ballentine*, 63 Mich. 102; *Brace* v. *Berdan*, 104 Mich. 356. The circuit judge charged the jury that—

"The giving and taking of a chattel mortgage for more than the actual amount owing to the mortgagee is, on its face, a badge of fraud, and, if not explained as being the result of honest mistake or honest want of knowledge on the part of the parties thereto, it becomes conclusively fraudulent as to other creditors who are hindered thereby; and in this case, in determining the question of intent, you must take into consideration the fact that the parties had the means at hand of computing the exact amount due the mortgagee."

It is also urged that the plaintiff, although she was a mere surety on the notes, was permitted to recover the amount, when it did not appear that she had paid them. But, as against a stranger or wrong-doer, she had the right to hold the property, or, in lieu thereof, sufficient to indemnify her.

Complaint is made that the circuit judge instructed the jury that certain facts were undisputed; but we think the record justified this instruction as to the points covered,

as we discover no dispute as to the facts upon the points involved. The charge of the court was full and fair, and we think covered every phase of the case. The exceptions to refusals of requests are numerous, but a careful examination of them, in connection with the charge as given, convinces us that the defendant has no just ground of complaint. Many of the objections urged in this case were technical in the extreme, and relate to questions which, in the ordinary trial of a lawsuit, would be considered facts. No one connected with the case, it is fair to assume, doubted the identity of the goods seized by defendant with those named in the declaration, or the actual execution of the mortgage, or of the notes produced. Substantially the only question to be litigated was the *bona fides* of the plaintiff and Pohoral, and the chief badge of fraud was the naming of an excessive consideration in the mortgage. Counsel should understand that a case is not strengthened by multiplying objections.

Complaint is made of the language used in the argument of plaintiff's counsel. The reference to defendant's wealth, accompanied by a statement that defendant was trying to crush the plaintiff, was not warranted, and counsel should have been reprimanded. This statement was made in the opening argument, and it does not appear that the line of argument was persisted in, as was the case in *Bedford* v. *Penny*, 58 Mich. 424, cited by defendant's counsel; and no request to instruct the jury on the subject was preferred. We are not convinced that this indecorum was prejudicial.

Judgment will be affirmed.

The other Justices concurred.