In re NATIONAL GROCER CO

(Circuit Court of Appeals, Sixth Circuit. June 7, 1910.)

No. 2,016.

1. Courts (§ 366*)—Exemptions—Construction of State Statutes.

In applying exemption laws the bankruptcy courts are bound by the construction placed on such laws by the highest court of the state whose statute is involved, and also by the settled local law on the question of the validity of instruments affecting exemptions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. § 366.*

State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. Exemptions (§ 79*)—Transfer of Exempt Property—Validity.

The mortgaging or conveying of exempt property to a creditor is not against the public policy of the state of Michigan.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 112; Dec. Dig. § 79.*]

3. Bankruptcy (§ 179*)—Exempt Property—Validity of Mortgage.

A mortgage or conveyance of exempt property good against the debtor under the state law is good against his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 179.*]

4. Chattel Mortgages (§ 50*)—Description of Property—Sufficiency.

Under Comp. Laws Mich. § 20,322, subd. 8, which exempts from levy and sale under execution "stock * * * to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged, not exceeding in value $250," and the law of the state which permits the mortgaging of after-acquired property, a mortgage by a merchant in Michigan of "all the goods and chattels now belonging to me in my business that are now or may be at any time hereafter exempt from levy and sale on execution against me" is not invalid for indefiniteness of description of the property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 89; Dec. Dig. § 50.*]

5. Bankruptcy (§ 399*)—Exemptions—Right of Assignee to Select.

A mortgage by a debtor of his exempt personal property, valid under the laws of the state, coupled with a delegation of authority to the mortgagee to select such property, which under the state statute may be done by the debtor "or his authorized agent," is not a waiver of the right of exemption, but an assertion of such right; nor is such delegation void as against public policy, and, on the filing by the debtor of a petition in voluntary bankruptcy in which he expressly waives his right of exemption, the mortgagee is entitled to select and hold the property which the bankrupt might otherwise have selected as exempt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

Petition to Review an Order of the District Court of the United States for the Eastern District of Michigan.

In the matter of Thomas Hastings, bankrupt. On petition by the National Grocer Company to review an order of the District Court. Reversed.

C. L. Benedict (Bundy, Travis & Merrick, of counsel), for petitioner. Moore & Wilson and Jas. A. Muir, for bankrupt.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

181 F.—3

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. The matter here under review was heard below on the following statement of agreed facts:

"First. Hastings for upwards of three years previous to filing his petition was engaged solely and principally in the retail grocery business in the city of Port Huron, in one location. At the time of the delivering of the instrument hereinafter set forth, Thomas Hastings, the bankrupt, owed the National Grocer Company $250 and upwards.

"Second. In June, 1908, the National Grocer Company refused further credit unless Hastings gave some security, and Hastings then executed and delivered the following instrument:

" 'For a valuable consideration to me in hand paid, and as security for any sum that I now owe, or may hereafter owe to the National Grocer Company, I hereby bargain, sell, assign and transfer to said company all the goods and chattels now belonging to me in my business, that are now, or may be at any time hereafter exempt from levy and sale on execution against me, and I hereby authorize the said company to demand, select and receive such exemptions in my name, or otherwise, at any time and from any person from whom I might have demanded them, had this instrument not been made or to sue for said exemptions and for damages for the detention thereof.

" 'Dated this 4th day of June, 1908.        " '[Signed]   Thomas Hastings.
" 'Witness: E. E. Carson.'

"And the National Grocer Company subsequently sold him goods amounting to about $700, and received about the same amount in cash.

"Third. In December, 1908, Hastings filed a voluntary petition in bankruptcy, in which he made no claim for his exemptions, but specifically waived them.

"Fourth. At the first meeting of the creditors, the claimant asserted its rights under the instrument and from the inventory compiled by the trustees claimant selected from stock of goods certain goods in the appraised value of $250, and of the specie and kind exempt under the statute, had the bankrupt seen fit to claim them.

"Fifth. Demand was made upon the trustee for the same, and it was agreed that the trustee should sell the goods, so selected; and the funds should be held intact to await the decision of the courts."

The referee allowed the claim of the petitioner to the funds derived from the sale of the goods so selected. The District Court entered an order overruling the referee and disallowing petitioner's claim to the proceeds of the property in question. The reasons for the conclusion reached by the judge who heard the matter are thus stated in his opinion:

"By this instrument the debtor did not exercise his own discretion in selecting exempt property, or attempt to execute a mortgage on any specified property, but, on the contrary, attempted to mortgage generally all of his exempt property, then owned or thereafter acquired, and to vest in the mortgagee, when action might be required, the privilege of selecting the exempt property to be covered by the mortgage. I am of the opinion that this attempted delegation of the right of selection of the exempt property was against public policy and void; and that the instrument attempting to delegate this power of selection created no estoppel against the debtor himself, and is therefore ineffective as against the trustee in bankruptcy who takes the title of the debtor."

The correctness of this conclusion is the sole question presented to us.

In our opinion the learned judge erred in denying petitioner's lien. The right of exemption depends upon the Michigan statute. Section 6a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

By section 70a the title to the bankrupt's property is vested in the trustee "except in so far as it is to property which is exempt"; and by section 47, subd. 11, it is made the duty of the trustee to "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment." The title, therefore, to property of a bankrupt which is generally exempt by the law of the state in which the bankrupt resides remains in the bankrupt, and does not pass to the trustee. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The Michigan statute exempts from levy and sale under execution or other final process "stock * * * to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged, not exceeding in value $250.00." 3 Comp. Laws Mich. § 10,322, subd. 8. In applying exemption laws the bankruptcy courts are bound to follow the construction of such laws announced by the highest court of the state whose statute is involved. Loveland on Bankruptcy, p. 514; In re Irvin (8th Circuit) 120 Fed. 733, 57 C. C. A. 147; In re Nye (8th Circuit) 133 Fed. 33, 66 C. C. A. 139. See, also, In re E. H. Baker, recently decided by this court.[1] And on the question of the validity of an instrument reserving the mortgagor's exemptions under the laws of the state the settled local law controls. Wilson v. Perrin (6th Circuit) 62 Fed. 629, 631, 11 C. C. A. 66. See, also, Three States Lumber Co. v. Blank (6th Circuit) 133 Fed. 479, 482, 66 C. C. A. 353, 69 L. R. A. 283; In re First Nat. Bank of Canton, 135 Fed. 62, 67 C. C. A. 536. The mortgaging or conveying of exempt property to a creditor is not against the public policy of the state of Michigan. A mortgage of exemptions of the class here in question is not required to be signed by the wife. Charpentier v. Bresnahan, 62 Mich. 360, 28 N. W. 916; Miller v. Miller, 97 Mich. 151, 56 N. W. 348; Betz v. Brenner, 106 Mich. 87, 63 N. W. 970. Creditors cannot complain of transfers of exempt property. Buckley v. Wheeler, 52 Mich. 1, 17 N. W. 216; Fischer v. McIntyre, 66 Mich. 681, 33 N. W. 762; Bresnahan v. Nugent, 92 Mich. 76, 52 N. W. 735. As the trustee in bankruptcy stands in the shoes of the bankrupt, he can take no better title than the latter had at the time the bankruptcy occurred (York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; In re Cincinnati Iron Store Co. [6th Circuit] 167 Fed. 486, 488, 93 C. C. A. 122), and a transfer which is good as against the transferror is equally valid as against the trustee.

It is clear, under the foregoing decisions, that the bankrupt had the power to convey to petitioner his existing exemptions; and as under

[1] 182 Fed. 392.

the laws of Michigan one may lawfully mortgage or convey property thereafter to be acquired (Curtis v. Wilcox, 49 Mich. 425, 13 N. W. 803; Louden v. Vinton, 108 Mich. 313, 318, 319, 66 N. W. 222), it is plain that the lien in question was not rendered invalid from the fact that it was made to apply to the stock as it should exist at the time the lien was sought to be enforced.

It is urged by the trustee that the description of the exemptions transferred is inadequate, in that the exact property so intended to be exempted was not specified, and authorities are cited lending more or less support to this contention. In our judgment, however, the case is ruled, with respect to this proposition, by the decision of this court in Wilson v. Perrin, supra. In that case the mortgage, which contained a specific description of the property covered, was by its terms expressly made "subject to all exemptions from execution to which said first par-|ty may be entitled under the laws of the state of Michigan, and that his exempt interest is not covered by this mortgage." It was urged as invalidating the mortgage that, inasmuch as the mortgagee was garnished before a separation of the exempt portion had been made, there was no means to determine which portion of the stock of goods was conveyed and which was not. This court, speaking through Judge Lurton, disposed of the contention referred to in this language:

"We attach no particular importance to the suggestion that the conveyance is limited to what would be left after the exemptions should be set apart. The conveyance is of the entire stock of merchandise, subject to the mortgagee's right of exemption. This is the plain and obvious meaning. As to the exemptions, it would seem that the mortgagee would take a defeasible title, subject to be defeated upon separation of the statutory amount of exemptions from the stock."

We can see no difference in principle between the validity of a description which excepts from it in general terms exemptions to be thereafter determined and a conveyance in terms of statutory exemptions which must be determined in the same way.

It is urged, however, that even if it be conceded that the assignment of the exemptions in question was originally valid, it was defeated by the failure of the bankrupt to select his exemptions under the bankruptcy proceedings, and especially by his express waiver thereof in his petition for adjudication in bankruptcy. It is argued, first, that the provisions of the bankruptcy act, impliedly at least, forbid recognition of any right to exemptions except upon the specific claim thereto presented by the bankrupt himself. The provisions of the act which are thought to produce this result are section 2, subd. 11, which authorizes courts of bankruptcy to "determine all claims of bankrupts to their exemptions," and general order No. 17 (89 Fed. viii, 32 C. C. A. xix), which requires a trustee to report to the court "the articles set off to the bankrupt by him." In our opinion, the sections invoked cannot be construed as denying the power of the court to recognize the right of a party other than the bankrupt, holding under a valid and effective assignment, conferring in express terms authority to make the selection in the name of the assignor. If the exemptions in question were lawfully assigned by the bankrupt, the trustee obtained no title thereto; and, as the selection was made according to an appraise-

ment had under the direction of the trustee, there is no apparent difficulty in allowing the selection to be made by any one representing the bankrupt.

We are thus brought to determine the second objection to the enforceability of the assignment, and upon which the court below held the petitioner not entitled to enforce the attemped lien, viz., that the attempted delegation of the right to select exempt property is against public policy and void. It is true, as contended by the trustee, that the right to exemption is a personal privilege, and may be waived by the debtor, and that such privilege cannot be claimed for him by another. But this proposition is not decisive of the question before us, because the debtor did not in this case waive his privilege, but, on the contrary, took advantage of it in making the assignment in question. The assignment was based upon a valuable consideration, viz., the giving of future credit; and the authority to the assignee to make the selection, if originally valid, was irrevocable, as being coupled with an interest. Baker v. Baird, 79 Mich. 255, 259, 44 N. W. 604.

Several decisions in other jurisdictions are relied upon by the trustee in support of his contention that the assignment of the right to select exemptions is against public policy. None of these decisions are persuasive. Three decisions of the Supreme Court of Michigan, invoked by the trustee, require attention. These cases are Wilson v. Montague, 57 Mich. 638, 24 N. W. 851, Galbraith v. Fleming, 60 Mich. 408, 412, 27 N. W. 583, and In re Service's Estate, 155 Mich. 179, 186, 118 N. W. 948. In the first of these cases it was held that a mortgage of chattels upon which a subsequent execution had been levied is not affected by the levying officer's omission to appraise the property and set off to the debtor the amount of his exemptions; that the exemption is a personal privilege which a judgment creditor can waive. This case did not in any way involve the power of a debtor to assign the right to select exemptions, nor even the right to assign the exemptions themselves. In Galbraith v. Fleming, it was held that the statutory right of action by ejectment to recover unassigned dower is vested solely in the widow, and is not conveyable to her assignee. This was put upon the ground that the authority for bringing such action must rest entirely upon statute; that the Michigan statutes confer no express authority upon an assignee to recover dower previous to assignment; that while, before assignment, the widow may release her dower to the owner of the fee so as to unite it with the fee, she cannot alien or transfer it to a stranger to the title. This is but a statement of the general rule recently applied by this court in the case of In re Lingafelter, 181 Fed. 24. Neither of the Michigan cases just referred to bears any analogy to the case we are considering. In the case of In re Service's Estate, it was held that the statutory right of the widow to elect to take under the provisions of the statute, in lieu of the terms of the will, is a personal right, and not assignable. This case seems to have been to some extent relied upon by the judge below. Setting to one side the consideration that the holding just referred to was not necessary to a decision of the case, and assuming that the settled law of Michigan is as there stated, we are unable to recognize that case as authority for the proposition contended for here. The right of a wife to elect to waive the provisions of her hus-

band's will and to take under the statute of distributions involves a personal discretion, the exercise of which by any one other than the one for whose benefit the right is given, may well be held to offend against public policy. Conceding that there is an analogy between an election to waive the terms of a will and an election to waive the benefit of a statute pertaining to exemptions, we can recognize no such analogy between the first-mentioned right of election and the right to select exemptions which have not been waived, but which, on the contrary, have been expressly claimed, by a lawful assignment and transfer. The case before us does not involve the right of some one other than the bankrupt to insist upon or to waive his claim of exemptions, but only the right of the assignee under a valid assignment to make the selection of the exemptions so assigned, under an express authority therefor contained in the instrument of assignment. Had the bankrupt personally made the claim under the bankruptcy proceedings, there can be no doubt that the exemptions would have passed to the petitioner here. The assignment in terms authorizes the petitioner to make the selection in the name of the assignor or otherwise, thus constituting petitioner, to say the least, the agent of the assignor for the purpose.

It is to be noted that the Michigan statute in express terms permits the selection of exemptions to be made by the debtor "or his authorized agent." Comp. Laws Mich. 1897, § 10,326. This feature plainly distinguishes the case before us from the case of an assignment of a widow's right to elect whether to waive the terms of a will or to take under the statute of distributions, as well as from the case of a conveyance of unassigned dower, for neither of which acts is there any statutory authority. The personal discretion involved in the selection by an assignee, under power of attorney from a debtor, is of no more importance than in the case of a selection by an agent in the absence of an assignment. It is clear that this lawful authority to select exemptions, given upon a valuable consideration and coupled with an interest, could not be revoked by the failure of the bankrupt to claim the exemptions in his own name, or even by his express waiver thereof; and that the assignor was estopped so to do.

The order of the District Court is reversed, with directions to enter an order allowing petitioner's lien.