### In re BERMAN.

(District Court, N. D. Ohio, W. D. November 17, 1905.)

#### No. 942.

BANKRUPTCY—CLAIM OF EXEMPTION—AMENDMENT OF SCHEDULES.

Where a bankrupt undertook in good faith to claim in his schedules an exemption allowed him by the statute of the state, but failed to make the claim in the form required by the statute by describing the property claimed, in consequence of which it was all sold by the trustee, he may be permitted to amend his schedules thereafter, so as to claim the exemption from its proceeds.

In Bankruptcy. On review of decision of referee.

Simon A. Grossner, for bankrupt.
Chittenden & Chittenden, for trustee.

TAYLER, District Judge. On December 27, 1904, Berman filed his petition to be adjudged a bankrupt. In the schedules he made a claim for exemptions in the following terms:

"All household goods and wearing apparel and ornaments of the person, as provided for under section 5430, $200; and $500 in lieu of homestead exemption as provided for under section 5441 of the Revised Statutes of the state of Ohio."

The assets of the bankrupt consisted of a stock of merchandise and store fixtures, which were sold in bulk for the sum of $8,585. There was also cash turned over, amounting to $2.75. The trustee turned over to the bankrupt, under his claim of exemptions, the household

furniture and wearing apparel of the value of $200, and currency amounting to $2.75, but refused to turn over any further money, on the ground that the claim made in the schedule covered only the funds which were turned over to the trustee, and could not be satisfied out of the proceeds of the sale of the stock of goods. This determination of the trustee was approved by the referee, and, upon petition for review, the decision of the referee was affirmed. Thereafter the bankrupt asked leave to amend his schedule, so as to put it in such shape as to permit a claim of exemption out of the proceeds of the sale. This amendment the referee refused, and upon petition for review the question is now before this court.

The answer is not free from difficulty; but, upon consideration of the bankruptcy law, and the principle underlying the requirement that the bankrupt shall make his demand in due time, and the right to amend his schedules, I have come to the conclusion that, in a case like this, such an amendment ought to be permitted. It is perfectly apparent that the bankrupt intended that his exemption of $500 should be allowed out of the proceeds of the sale of this personal property, for there was no other fund, except the $2.75, out of which it could be specifically allowed. There was, therefore, if the previous decision of the court was right, an error on the part of the bankrupt, or of his counsel, in assuming that, to claim an exemption of $500 in the form in which it was claimed, the exemption could be allowed; but the intention to insist upon it is quite as apparent. There is no evidence of fraud on the part of the bankrupt, or that any third party would be injured by the allowance of the amendment.

In some form or other, this question has come before the courts in a number of cases. In Re Duffy, 118 Fed. 926, 9 Am. Bankr. R. 358, Judge Archbald, in the District Court for the Middle District of Pennsylvania, held that the bankrupt should set out in his schedules the exact property which he elects to take as exempt, but that the schedules are amendable in this respect. In the case of Moran v. King et al., 111 Fed. 730, 49 C. C. A. 578, the Circuit Court of Appeals for the Fourth Circuit refused to the bankrupt the right to amend his schedule. In that case the bankrupt had intelligently described the articles which he claimed as exempt. He claimed all that he desired to claim, and was under no mistake as to his rights. Later he undertook to amend his schedules, in order that he might also claim the $2,000 exemption permitted in some circumstances under the law of Virginia, but declared that he made this claim of exemption in order to turn the property over to certain creditors. On page 733 of 111 Fed., page 581 of 49 C. C. A., the court say:

"It is evident that the bankrupt, when he filed his schedules and made claim to exemption, had it in mind to set apart only such of his property as would inure to the benefit of himself and family; but later on he conceived the idea of favoring certain of his creditors to the exclusion of others, and it then occurred to him to enlarge his claim for exemption, for the purpose, as stated in his petition, of carrying out his agreement with these creditors."

The chief difficulty arises out of the statement of the law as declared in Moran v. King et al., 111 Fed. 733, 49 C. C. A. 581, as follows:

"The bankrupt, having exercised his privilege and made his selection of exempted property, the title to his entire estate, except the property selected as exempt, passed to the trustee, to be administered for the benefit of creditors under the provisions of the bankruptcy act; and the title thus vested in the trustee cannot now be disturbed by setting apart further exemptions."

This is undoubtedly true, as a general principle; but I know of no infirmity in the power and jurisdiction of the bankruptcy court to say that, even though, in the strict sense, it be true that the title to the property is vested in the trustee, that court may not, under circumstances where justice may be done and where the humane policy of the law can be made effectual, permit the bankrupt to carve out of the purchase money derived from the body of his estate the amount of exemption which he undertook to claim in his schedules, where he has otherwise been guilty of no wrongdoing or neglect.

This principle is also declared in Re Falconer, 110 Fed. 111, 49 C. C. A. 50, decided by the Circuit Court of Appeals for the Eighth Circuit. The court allowed the amendment of the bankrupt's schedules, and said:

"No bankrupt should be deprived of his exemption by a narrow and strict interpretation of laws which were passed for his benefit and prompted by a wise and humane public policy."

The doctrine is also laid down in Loveland on Bankruptcy (2d Ed.) p. 433.

It may be that in certain cases, dependent upon circumstances, a charge ought to be made against the bankrupt for his proportionate share of the cost of converting the property into cash. His exemption, if properly claimed in his first schedule, would, of course, have reached certain tangible property; and therefore the trustee would have been to no expense in converting it into money.

I therefore conclude that, while there are funds in the hands of the trustee, distributable among general creditors, the bankrupt, who has endeavored in his schedules to claim the $500 exemption which, under section 5441 of the Revised Statutes of Ohio, he is entitled to claim, but has failed to make that claim in the form provided by law, may amend his schedules so as to make that claim effective.

The decision of the referee is therefore reversed, and the bankrupt may have leave to amend his schedules accordingly.