---

### In re CRUM.

(District Court, N. D. Ohio, W. D.   October 27, 1913.)

No. 2033.

**1. BANKRUPTCY ⬅400—EXEMPTIONS—STATUTORY PROVISIONS.**

While, as far as is consistent with Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, the exemption laws of the state must be applied in a bankruptcy case, the manner in which the exemptions are to be claimed, set apart, and awarded is regulated by the Bankruptcy Act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670-675; Dec. Dig. ⬅400.]

**2. HOMESTEAD ⬅5—LIBERAL CONSTRUCTION OF STATUTE.**

Exemption laws, in their terms and application, must be construed with that liberality which will effect their purpose.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 7; Dec. Dig. ⬅5.]

**3. BANKRUPTCY ⬅395—EXEMPTIONS—DETERMINATION OF RIGHT TO EXEMPTIONS.**

Under Bankr. Act, § 7, cl. 8, requiring a bankrupt to file a schedule of his property, containing, among other things, a claim for such exemptions as he may be entitled to, and section 47, cl. 11, requiring trustees to set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment, the right to exemptions must be determined by the conditions existing when the petition in bankruptcy is filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. ⬅395.]

**4. BANKRUPTCY ⬅400—EXEMPTIONS—SETTING APART—MONEY OR PROPERTY.**

Under Gen. Code Ohio, § 11738, providing that husband and wife, living together, and not the owner of a homestead, may in lieu thereof hold exempt from levy and sale real or personal property, to be selected by them not exceeding $500 in value, in a bankruptcy proceeding the exemptions should be selected, and received in the form of personal property, at values fixed by appraisement, and it is not proper, when a selection of exempt articles is not rendered impossible by reason of liens, to allow the

bankrupt $500 in money on a sale of his personal property, thus casting upon the creditors the expenses of a sale of the articles which he ought to select and the loss of the difference between the selling price and the appraised value.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ☞400.]

5. BANKRUPTCY ☞400—CLAIM OF EXEMPTIONS—AMENDMENT.

Under General Order in Bankruptcy No. 11 (89 Fed. vii, 32 C. C. A. xiv), providing that the court may allow amendments to the petition and schedules, and that in the application for leave to amend the petitioner shall state the cause of the error in the paper originally filed, a bankrupt, making an imperfect claim of exemptions in his schedules, may be allowed to amend; but the amendment can only relate to conditions obtaining when the imperfect claim was formulated.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ☞400.]

6. BANKRUPTCY ☞400—ERROR IN CLAIM OF EXEMPTIONS—EFFECT.

Where a bankrupt claimed $500 in lieu of a homestead exemption, at the same time scheduling articles of real and personal property not incumbered by liens and free to be selected by her as exempt, and such property had been sold, she should not lose her full exemptions because of the error in the claim of exemptions, but should receive from the proceeds of sale only $500, diminished by a proper proportion of the costs of sale and by the proportionate difference between the sale price, if less than the appraised value, and the appraisement.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ☞400.]

7. BANKRUPTCY ☞396—EXEMPTIONS—HOMESTEAD—ALLOWANCE FROM PROCEEDS OF SALE.

Under Gen. Code Ohio, § 11730, providing that husband and wife, living together, may hold exempt from sale a family homestead not exceeding $1,000 in value, but that neither can be allowed a demand therefor if the other has a homestead, section 11738, relative to the selection of personal property in lieu of a homestead, section 11733, providing that, when a homestead is sold to pay a lien which precludes the allowance thereof, the residue of the proceeds, not exceeding $500, shall be paid to the widow or minor children, and section 11735, providing that when a homestead has a greater value than $1,000 the rental value in excess of $100 annually shall be paid to the creditor in installments, it is proper, though not within the exact letter of the law, to allow a bankrupt $500 in money from the proceeds of a sale of the homestead, having a value of more than $1,000.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.]

8. BANKRUPTCY ☞396—EXEMPTIONS—HOMESTEAD—ALLOWANCE FROM PROCEEDS OF SALE.

Under Gen. Code Ohio, §§ 11730, 11733, 11735, 11738, a bankrupt who has a homestead cannot have an allowance out of the personal property in lieu of the homestead exemption, unless the homestead does not yield $500 in proceeds of sale above liens thereon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ☞396.]

9. BANKRUPTCY ☞395—EXEMPTIONS—HOMESTEAD—DOUBLE EXEMPTION TO HUSBAND AND WIFE.

As, under Gen. Code Ohio. §§ 11730, 11733, 11735, 11738, an allowance of $500 from the personal property of a bankrupt husband in lieu of a homestead exemption was improper, where he owned a homestead which he and his family were occupying, such allowance did not change his status

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as the owner of a homestead, and the wife, who filed a petition in bankruptcy while the family was still occupying the homestead, was not entitled to a homestead exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. ⊙⇒395.]

10. BANKRUPTCY ⊙⇒400—EXEMPTIONS—OBJECTIONS—ESTOPPEL.

That creditors of a bankrupt did not object to an illegal allowance to the bankrupt's husband, who was also a bankrupt, in lieu of a homestead, did not preclude them from complaining of an equally improper allowance to the wife, as in their capacity as creditors of the wife they had no right of objection in the settlement of the husband's estate, and, moreover, when they failed to object, they could not anticipate that the allowance to the husband would be followed by a similar allowance to the wife.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ⊙⇒400.]

In Bankruptcy. In the matter of Cora A. Crum, bankrupt. On petition by the trustee to review an order of the referee allowing the bankrupt an allowance in lieu of a homestead. Petition granted, and allowance set aside.

Hal W. Michaels, of Tiffin, Ohio, for bankrupt.

George E. Schroth, of Tiffin, Ohio, for trustee.

KILLITS, District Judge. Oliver R. Crum and Cora A. Crum were husband and wife, living together in Seneca county, this district, on the dates hereinafter mentioned. Oliver R. Crum was the owner of an unincumbered homestead, subsequently sold for more than $2,500, and a stock of merchandise. Mrs. Crum was the owner of two or three parcels of land adjoining the homestead property and of some contingent interests.

April 5, 1912, the husband filed his petition in bankruptcy, stating that he was the head of the family and claiming the sum of $500 exempt in lieu of a homestead, in accordance with the provisions of section 11738 of the General Code of Ohio.

June 15, 1912, the stock of merchandise having been theretofore sold by his trustees in bankruptcy, but still occupying the homestead property with his wife and family, Crum applied in writing for an order on the trustees to pay him the sum of $500 in lieu of his homestead out of the proceeds of sale of the personal property, and on that date, pursuant to an order in that behalf made by the referee, he was paid the sum of $500, less a rental charge of $30 for the occupancy of the homestead property to that time, which sum he proceeded to immediately spend. The homestead was not sold by the trustees until some time the following September.

July 12, 1912, Cora A. Crum filed her petition in bankruptcy, alleging that neither she nor her husband was the owner of a homestead, and claiming $500 in lieu thereof, pursuant to the section above cited. In October following the objection of her trustee to the allowance was heard by the referee, and she was granted the sum of $500, which very nearly exhausted her estate, and the trustee prosecutes a petition to review this order.

[1, 2] The case requires a consideration of several statutes of Ohio as they are affected by the Bankruptcy Act. It needs no citation of authorities to support the position that, as far as is consistent with the Bankruptcy Act, the court must apply the exemption laws of the state, and that these laws in their terms and application must be construed with that liberality which will effect their purpose; but, as was said in In re Friedrich, 100 Fed. 284, 286, 40 C. C. A. 378, 380, while the law allows to debtors the exemptions provided by the local act, "the manner in which the exemptions are to be claimed, set apart, and awarded is regulated by the Bankruptcy Act."

[3] Clause 8 of section 7 of the Bankruptcy Act requires a voluntary bankrupt to make his claims for exemptions at the time he files his petition and in his schedules, while clause 11 of section 47 requires that trustees "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment." These two provisions, we think, clearly refer the right of exemption to conditions existing at the time the petition in bankruptcy is filed. When they are complied with, all the rest of the bankrupt's property is devoted to distribution among his creditors, the trustee taking a clear title from the very first to all property not involved in the exemptions, if the exempted property may be set apart, or a title charged with a specific and clearly defined burden of exemption, if exemptions may not be definitely separated. The earliest definition of the effect on bankrupt's property of his claim for exemptions, to the end that the estate's assets for distribution may be clearly ascertained, is highly desirable in the interest of a prompt settlement of the estate. Our judgment, therefore, is that Mrs. Crum's right to exemption in lieu of a homestead must be determined by conditions obtaining when she filed her petition in bankruptcy.

[4] We come now to a consideration of the Ohio statutes bearing upon this subject. Section 11738, General Code of Ohio (Revised Statutes, § 5441), under which Mrs. Crum's claim is made, reads as follows:

"Husband and wife living together * * * and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, before sale, not exceeding $500.00 in value, in addition to the amount of chattel property otherwise by law exempted. * * * No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

In the case of In re Stern (D. C.) 208 Fed. 488, we held that the terms of this section required that the exemptions in lieu of homestead should be selected, set off, and received in the form of personal property, at values fixed by appraisement, and not be delivered to the claimant in the lump sum of $500 in money derived from the sale of personal property. This seems to be the clear purport of the statute; and it is our judgment that the practice, not infrequent, of selling the bankrupt's personal property, when a selection of exempt articles is not rendered impossible by reason of liens thereon, and then turning over out of the proceeds the full sum of $500 to the bankrupt

in lieu of his homestead exemption, is neither in compliance with the terms of this statute nor a proper execution of the bankrupt act.

It is easy to see that a practice of this kind not only casts upon the creditors the burden of carrying the expenses of sale of the articles which the bankrupt ought to select in specie and selling them for him free of any expense on his account, but also of losing the difference which might come between the sale value of the articles which the bankrupt could have selected at the appraised value and the appraised value thereof, to the end that the bankrupt would therefore have his $500 in cash, representing more articles of personal property than he would have received had he made his selections and taken them at the appraised value. Therefore it appears that when Mrs. Crum filed her schedule and claimed in general terms $500 in cash in lieu of a homestead exemption, and at the same time scheduled articles of personal and real property which were not incumbered by liens, and were therefore free to be selected by her as exempt, she was not making a proper claim for exemptions. We find ourselves in this particular in harmony with the referee's decisions in In re Groves, 6 Am. Br. Rep. 728, and In re McClintock, 13 Am. Br. Rep. 606, which were affirmed by this court in the Eastern division, Judges Wing and Tayler, respectively, sitting.

[5, 6] As decided by Judge Tayler, in In re Berman (D. C.) 140 Fed. 761, under a liberal administration of the law of exemption, as well as seemingly because of the provision of the eleventh General Order in Bankruptcy (89 Fed. vii, 32 C. C. A. xiv), a bankrupt making an imperfect claim in his schedules might well be allowed to amend. This amendment, however, can only relate to conditions obtaining at the time the imperfect claim was formulated, for the general order referred to requires the petitioner to state the cause of error in the claim, and the cause which would excuse and the error which it is sought to avoid must relate to circumstances existing at the time the error intervened. In this case, however, it appears that no amendment is sought, but the award is made to Mrs. Crum of $500 in cash, to be paid out of the proceeds of the sale of her property, which may or may not have sold for the amounts in the various items at which she would have been compelled to take them in specie as exempt at their appraisement values. In this light, the order of the referee should be set aside, and the claim referred back to him for such adjustment as the facts warrant. If she is entitled to exemptions at all in lieu of a homestead, and the property has been sold, we would not hold her to a loss of her full exemptions; but she ought not to receive out of the proceeds of sale an amount greater than $500 diminished by a proper proportion of the costs of sale, and also, if the fact obtains, by a proportionate difference between the sale price, if less than the appraised value, and the appraisement.

Of course, circumstances may arise where to insist that the exact terms of section 11738, General Code, should be followed, and no exemptions should be awarded unless they are taken in articles of personal property, would be to defeat the main purpose of the exemption provisions. An instance is given in the case of In re Luby (D. C.) 155

Fed. 659, where the property consisted of liquors, to sell exemption selection of which would involve taking out a license. And in cases where personal property, as a stock of merchandise, is incumbered by a chattel mortgage, to the effect that each item is under the lien, a selection, before sale under this statute would be impracticable, wherefore very properly the exemption might be paid out of the proceeds of sale after the extinction of the lien and the payment of costs (In re Kane, 127 Fed. 552, 62 C. C. A. 616); but no such excuse exists here, and the terms of this statute should have been followed in this particular.

[7, 8] To determine whether or not Mrs. Crum was entitled to an exemption in lieu of a homestead at all when she filed her petition in bankruptcy, it is necessary to examine the condition at that time of her husband's estate and the effect of his claim for an exemption in lieu of a homestead, and this involves a consideration also of section 11730, General Code of Ohio (section 5435, Revised Statutes), which must be read in pari materia with section 11738, and which reads:

"Husband and wife living together * * * may hold exempt from sale on judgment or order, a family homestead not exceeding one thousand dollars in value. The husband, or in case of his failure or refusal, the wife may make the demand therefor; but neither can be allowed such demand, if the other has a homestead."

It is to be noted that section 11738 makes no provision for the claim of $500 in lieu of a homestead when in fact the claimant has a homestead, which was the case with Oliver R. Crum. He had no right under this section to make the demand that he did. His right was to ask that he be allowed the sum of $500 from the proceeds of sale of his homestead, not that he be allowed $500 in cash from the sale of his personal property in lieu of a homestead. There is no statute in Ohio which specifically provides that on the sale of a homestead of more than $1,000 in value the homesteader may receive absolutely $500 of the proceeds thereof, excepting in cases where the homestead is sold to pay a lien which precludes the allowance of a homestead, in which case a sum not exceeding $500 may be paid out of the proceeds of sale. Section 11733, General Code of Ohio. In cases of homesteads not incumbered by liens precluding the allowance of a homestead exemption and having a value greater than $1,000, the Ohio law (section 11735, General Code) provides that the rental value thereof as fixed by an appraisement in excess of the sum of $100 annually shall be paid to the creditor in quarterly installments by the debtor, in which case he may continue to hold the homestead property. The inapplicability of this statute to the settlement of a bankrupt's estate is evident, and the custom, which has grown up in Ohio, and which, while not within the exact letter of the exemption statutes, is well within their spirit, of allowing the debtor head of a family absolutely $500 out of the proceeds of sale of his homestead, which has a value of more than $1,000, may well be followed in the settlement of bankrupts' estates in this jurisdiction; but such an amplification is referable entirely to section 11730, and not at all to section 11738—the latter, as it applies to this case, being affected by the former only to the point that

Mrs. Crum would not be entitled to any homestead exemption if her husband at the time was the owner of a homestead or its equivalent.

The husband's claim for exemption was imperfect in two particulars: First, for reasons given above pertaining to his wife's claim; and, secondly, because he claimed under section 11738, as not being the owner of a homestead, when in fact his claim should have been under section 11730, as the owner of a homestead. This claim, indeed, would be amendable, and for the purpose of this case we may consider it as amended; but no amendment would be possible which would make legal the order granted by the referee in June, 1912, requiring the trustees to pay him $500 in cash out of the proceeds of sale of his personal property in lieu of a homestead. This action was wholly erroneous, not only in the fact that he should have been compelled to take personal property at its appraised value, rather than money, but because it cast the burden of meeting the exemption claim out of a fund and upon a class of property which no reasonable construction of the law warranted. Under no circumstances, except where a homestead does not yield $500 in proceeds of sale above its liens, can the personal property of a debtor who is a homesteader be held to respond in any amount to the demand for a homestead exemption.

The Ohio statutes clearly contemplate that when a man is a homesteader he may obtain his specific exemptions out of the prescribed personal property, and his homestead exemptions only out of his homestead, unless, as we have suggested above, the surplus above liens on the homestead is insufficient to make up the sum of $500.

[9] The effect of the situation than is, so far as it affects the rights of the creditors of Cora A. Crum, that when she demanded her homestead exemption, to which time all her rights are referable, section 11738, under which she affects to claim, was not operating in her favor, for her husband was then and yet a homesteader; the home not having been sold, but still in the occupation of herself and husband and family, the title thereto held by the trustee, indeed, but burdened with her husband's unseparated homestead right, for it is necessary to treat the payment of $500 to the husband in June, out of the proceeds of the sale of his personal property, as having no effect to change his status as the owner of a homestead, as against the wife's creditors, who cannot be prejudiced by that illegal action. Against them the wife's privileges may not be enlarged beyond what they would be, had the law been followed.

[10] The effect of the referee's action in this case, if sustained, is to award to this family a double homestead exemption. We understand that the creditors of Mrs. Crum are also creditors of her husband, and are, consequently, specially affected by this situation. To the criticism that they made no objection to the illegal allowance by the referee to Mr. Crum, and consequently ought not now be heard to complain, it is a sufficient answer to call attention to the fact that the consequence of their failure to except to that action must be referred to conditions then known to them. They could not anticipate that such action would be followed by an equally improper allowance to Mrs. Crum, and, in addition, they are here in the capacity of creditors of Mrs. Crum, and

as such they have no rights of exception in the settlement of her husband's estate.

We hold, therefore, that Mrs. Crum was not entitled to a homestead allowance, and the prayer of the petition of the trustee is granted, and the allowance set aside.