In re RADCLIFFE.

(District Court, N. D. Ohio, E. D.   May 5, 1917.)

No. 6092.

1. BANKRUPTCY ☞400(1)—CLAIM OF EXEMPTIONS—AMENDMENT.

An Ohio bankrupt, who owned a real estate homestead, incumbered to an amount in excess of its value, set forth such fact in his schedules, and also claimed a homestead $1,000 in such real estate in accordance with the provision of Gen. Code Ohio, § 11730; below such claim was a claim for $500 for bankrupt's family, in accordance with section 11737. Subsequently, upon leave given, the bankrupt filed an amended claim of exemption, asserting his claim for an allowance of $500 out of the personalty under section 11738, alleging that he owned no real estate, other than the homestead, from which the exemption provided by section 11737 could be paid. *Held*, that in such case it was proper to allow the bankrupt to amend his schedules, so as to claim the exemption given by section 11738; it being obvious that the bankrupt by claim under section 11730 did not intend to waive his rights to an exemption out of the personalty, and that the first reference to section 11737, which relates only to payments from real estate owned by the bankrupt other than his homestead, was a misprision.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⊂⊃396(5)—EXEMPTIONS—HOMESTEAD.

> A bankrupt who owned a homestead which was incumbered to an amount in excess of its value, owned no other land. The homestead was surrendered to the mortgagees instead of being sold by the trustee. General Code Ohio, §§ 11730, 11737, provide exemptions out of the real property of insolvents, while section 11738 makes a provision for alternative exemptions out of the personal property. *Held*, that the bankrupt, who was a resident of Ohio, was entitled to exemption under section 11738; the mere fact that he owned land which was incumbered for more than its value not barring his rights.

In Bankruptcy. In the matter of the bankruptcy of D. W. Radcliffe. Proceeding to review referee's order denying the bankrupt's claim of exemption. Order reversed, with instructions.

Harry E. Hammar and George C. Von Beseler, both of Painesville, Ohio, for bankrupt.

B. C. Shepherd, of Painesville, Ohio, for trustee.

WESTENHAVER, District Judge. The bankrupt's reviewing petition in the above matter seeks to reverse the judgment of the referee, refusing and disallowing his claim of $500 exemption from personal estate in lieu of homestead. The referee's finding of facts is not excepted to. The material parts thereof will be briefly stated:

On September 19, 1916, the bankrupt filed his petition in voluntary bankruptcy, and on the 20th of September was adjudicated a voluntary bankrupt. At the time of the filing of the petition, the bankrupt was the owner in his own right and was then in possession of a parcel of real estate, set out in the schedules, consisting of a house and lot in Painesville, Ohio. At the time of the adjudication, and for a long time prior thereto, he was and had been a resident of Ohio, was a married man and supported a family, and this real estate was then and prior thereto had been used by him and his family as a homestead. The bankrupt in his schedules fixed the value of this real estate at $4,000; the appraisers appraised it at the sum of $3,500; it was at and prior to the adjudication subject to mortgages in excess of the sum of $4,000, each and all of which mortgages and notes secured thereby had been executed by the wife of the bankrupt. This real estate was, after hearing and on order of the referee, surrendered to the mortgagees, instead of being sold by the trustee.

The bankrupt was also the owner of certain personal property, a part situated in the Cleveland Trust Company building, which was appraised at $3,000, and was subject to valid liens in the sum of $1,550, and the other part situated in the Utopia building, which was appraised at $2,000, and was subject to a valid lien thereon of $1,531.19. As found by the referee, he had no other real or personal property out of which the $500 claim of exemption in lieu of homestead could be allowed or paid.

The bankrupt in his schedules, as already noted, correctly listed his real estate homestead, gave its value at $4,000, and the mortgage liens thereon at a sum in excess of $4,000. The surrender to the mortgagees was made only because the real estate was worth less than the

---

mortgages. The bankrupt in schedule B (5) claimed a homestead of $1,000 in this real estate, "in accordance with the provisions of section 11730, General Code of Ohio," and below this claim is the following: "Five hundred dollars provided for bankrupt's family in accordance with provisions of section 11737, General Code of Ohio." Later, on October 23, 1916, upon leave given, the bankrupt filed an amended claim of exemption, in which, after stating his right to claim a homestead exemption, and that the homestead owned by him was subject to liens in an amount which prevented his getting the exemption from that source, and that he owned no other real estate from which, under section 11737, the $500 exemption could be paid, he makes his claim for an allowance of $500 under section 11738, General Code of Ohio, to be paid out of the equity in the two items of personal property above described, or, rather that there shall be set apart to him by the trustee the sum of $500 out of his equity in this described personal property.

The personal property has been sold after a finding by the referee that it was to the best interest of the estate to sell the same in bulk. The referee, as his conclusion of law from the foregoing facts, was of the opinion that the bankrupt was already the owner of a homestead in the mortgaged property, and for that reason denied his claim of exemption. The question now to be considered is the correctness of this conclusion.

[1] In argument no question was raised as to the propriety of permitting the amended claim of exemption to be filed. The amendment was proper. It is evident that the bankrupt did not intend to waive his homestead exemption, or, if it could not be allowed under section 11730, General Code of Ohio, to waive his right to the $500 allowed in lieu thereof from other property. It is true, his claim of $500 is made under section 11737, General Code of Ohio, which provides only for the payment thereof from real estate owned by the bankrupt, other than his homestead; but the bankrupt did not own any other real estate, as his schedules show, and manifestly, therefore, the insertion of "section 11737," instead of "section 11738," was an inadvertence, or clerical error, and not an intentional waiver of his right. The practice of permitting amendments has been approved, and is settled law in this jurisdiction. In re Berman (D. C.) 140 Fed. 761; In re Cora A. Crum (D. C.) 221 Fed. 729, 34 Am. Bankr. R. 586.

[2] I am of opinion that the referee's conclusion is erroneous, and that the bankrupt should be allowed the $500 exemption. It is illogical, to say the least, to assert that the bankrupt has a homestead when it is covered by valid mortgages in excess of its value. It is a perversion of the facts to say that he has received the protection of the humane provisions of the homestead exemption law, when the trustee in bankruptcy declines to burden the estate with the expense of converting that homestead into money, but surrenders the same to the mortgagees. The adjudication dates back to the filing of the petition, and for all practical purposes this real estate, or the equity of the bankrupt therein, became as much the property of the trustee from that date as did any other property owned by the bankrupt. It is therefore incorrect to say that at the time the bankrupt made his claim he

was the actual owner of a homestead. The surrender thereof to the mortgagees is a substitute merely for a sale and distribution by the trustee, and serves no other purpose, except to save the mortgagees and the bankrupt estate from expense.

Admittedly the bankrupt is entitled to this homestead exemption, unless when his right thereto is to be determined he was then the actual owner of another homestead; he is within the description and entitled to the benefit of section 11738; he cannot obtain his homestead exemption under either section 11730 or section 11737. This allowance is not made for the bankrupt's protection alone, but is also a provision for the benefit of wife and children during the critical period of readjustment following insolvency and bankruptcy of the head of the family. The policy of the courts in dealing both with the law and the facts has always been liberal in favor of granting the full benefit of this protection.

In our opinion, the authorities relied on by the referee, and cited by counsel, do not sustain his conclusion. They are as follows: Dwinell v. Edwards, 23 Ohio St. 603; Bartram v. McCracken, 41 Ohio St. 377; Biddinger et al. v. Pratt, 50 Ohio St. 719, 35 N. E. 795; Matter of Cora A. Crum (D. C.) 221 Fed. 729, 34 Am. Bankr. R. 586.

In Dwinell v. Edwards, supra, the only point decided is that, when the home occupied by the family as a homestead is owned either by the husband or the wife, neither can hold as exempt from execution the personal property exemption allowed in lieu of a homestead.

In Bartram v. McCracken, supra, an execution was levied upon the personal property of the head of a family, who at that time owned and was living in a homestead incumbered by a mortgage duly made by the debtor and his wife in a sum greater than its value. No suit to foreclose the mortgage was pending, and no bankruptcy or insolvency administration of the debtor's property had been begun or was in progress. In this situation it was held that the personal property exemption in lieu of a homestead could not be allowed, for the reason that the Legislature did not intend to impose upon the sheriff the duty of ascertaining the existence and validity of and the amount due on incumbrances upon the realty of the execution debtor. No just criticism can be made of this ruling, but its doctrine cannot properly be stretched to cover the situation now under review. A substantial difference in fact and in law exists between the situation of a head of a family occupying an incumbered homestead with creditors, quiescent, and that of the head of a family all of whose real and personal property has been seized and is being administered by the court.

In Biddinger et al. v. Pratt, supra, the only point held is that the owner of a life estate in lands occupied by him as a family residence, who has conveyed his interest to a creditor with an agreement for a reconveyance upon payment of the debt, is still the owner of a homestead, and is not entitled to the personal property exemption provided in lieu thereof. Manifestly this conveyance is only a mortgage, and the amount even of the debt thus secured is not stated in the report of the case.

In the Matter of Cora A. Crum, supra, no principle is announced justifying the citation of it as an authority in support of the referee's

conclusion. As regards the homestead exemption, the point involved was the right of a wife to claim a homestead after another similar claim and allowance had been made to her husband, practically contemporaneously with her claim.

The following cases seem to me more nearly in point, and to support the conclusion to which we have come: Niehaus v. Faul, 43 Ohio St. 64, 1 N. E. 87; Fry v. Smith, 61 Ohio St. 276, 55 N. E. 826; Carter v. Ross, 8 Ohio Cir. Ct. 139; In re Buckingham (D. C.) 102 Fed. 972; In re Assignment of Kraus, 79 Ohio St. 314, 87 N. E. 176. A review of these cases we deem unnecessary. In brief, they hold, among other things, that the right to the exemption must be determined as on the facts existing when the allowance is to be made. In some of them the claim was made months, and even years, after the administration of the insolvent estate had begun. In some it is held that the right to the allowance is to be determined on the facts of the situation as existing when the funds are to be distributed. The liberal construction of the law, and the liberal application of it alluded to by me herein, is fully recognized and sanctioned by them.

The order of the referee denying the $500 exemption in lieu of homestead is therefore reversed, with instructions to allow it from the property referred to. An exception on behalf of the trustee may be noted.