## In re HEWIT.

(District Court, N. D. Ohio, E. D.    August 27, 1917.)

### No. 6278.

1. BANKRUPTCY ⬥➡396(5)—EXEMPTIONS—STATE LAW.
   Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, does not create any personal or homestead exemptions in favor of bankrupt, but by sections 6, 7a(8), 47a(11), and 70a (Comp. St. 1916, §§ 9590, 9591, 9631 and 9654), merely preserves to him the full benefit of such exemptions as at the time of the adjudication he is entitled to under the state law.

2. HOMESTEAD ⬥➡5—EXEMPTION—CONSTRUCTION OF STATUTES.
   Gen. Code Ohio, §§ 11730–11740, conferring a homestead exemption or an allowance in lieu thereof, are to be liberally construed to accomplish their humane purpose.

3. BANKRUPTCY ⬥➡396(5)—EXEMPTION IN LIEU OF HOMESTEAD—"OWNER OF HOMESTEAD."
   The adjudication in bankruptcy transferring all the debtor's property to the trustee subject to the debtor's right or claim of an exemption, he is not thereafter the owner of the homestead, theretofore owned by and still occupied by him, within Gen. Code Ohio, § 11738, providing that the head of a family not the "owner of a homestead" may, in lieu thereof, hold exempt property not exceeding $500 in value.

4. BANKRUPTCY ⬥➡396(5)—CLAIM OF EXEMPTION—AMENDMENT.
   If bankrupt's claim of exemption in lieu of homestead be objected to because for $500, instead of for specific property not exceeding that value, as contemplated by Gen. Code Ohio, § 11738, amendment should be allowed.

In Bankruptcy. In the matter of B. F. Hewit, bankrupt. On petition to review order of referee. Reversed, with instructions.

Paul Howland, of Cleveland, Ohio, and Chas. Lawyer, of Jefferson, Ohio, for petitioner.

Chas. R. Sargent, of Jefferson, Ohio, for trustee.

WESTENHAVER, District Judge. This cause is now before me on a petition of the bankrupt to review an order of the referee in the matter of the bankrupt's exemption in lieu of a homestead.

---

⬥➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The facts are agreed, and will be briefly stated. The bankrupt is married and living with his wife and entitled to claim a family homestead, under section 11730, Gen. Code, or an allowance in lieu thereof, under sections 11737 and 11738, Gen. Code. He was adjudicated a bankrupt March 21, 1917.

At and prior to the time of this adjudication he had a house and lot which was occupied by him and his family as a homestead, and which he continued to occupy up to the 23d day of May, 1917, when this house and lot were set aside to him by the trustee as a homestead. He was not then, nor was his wife, the owner of any other homestead or of any other real estate which could be used as a homestead. This house and lot, it is agreed, is of the value of $4,000, and is subject to mortgages and taxes prior to any homestead right of the husband and wife in the sum of $3,800, leaving an apparent equity therein of the value of $200. Neither at the time of the adjudication nor since has any proceeding been begun by the mortgagees or by the trustee in bankruptcy to foreclose these mortgages, or to sell the equity for the benefit of the estate.

On May 23, 1917, the trustee set apart to the bankrupt such articles of personal property as are exempt from execution and sale under the Ohio law, and also set apart to him this house and lot, subject to said mortgages and taxes, as a homestead.

To this report the bankrupt excepted, claiming an allowance of $500 in lieu of the homestead so set aside. The referee overruled the exceptions, and the bankrupt brings this petition for a review of the referee's finding and judgment.

A kindred question was considered and decided by me in the matter of D. W. Radcliffe, bankrupt, at a former day of this term. See 243 Fed. 716. In that case the homestead owned and occupied by the bankrupt at the date of the adjudication had been, on application of the trustee, and on order of the referee, surrendered to the mortgagees before the bankrupt's claim for an allowance of $500 out of other property was heard and determined. It is contended that the fact, present in this case, that the homestead had not been sold and no proceedings begun to subject it to prior liens, is a distinguishing and controlling consideration, and brings this case within the rule of Bartram v. McCracken, 41 Ohio St. 377, in which it was held that an execution debtor whose personal property had been levied on cannot claim as against the execution out of this personal property the $500 allowance when he is in fact the owner and occupant of a homestead encumbered by mortgages in excess of its real value. This distinction between the present case and the Radcliffe Case, it must be admitted, rests on a very narrow ground. While it is true that neither the mortgagee nor the trustee in bankruptcy have taken any steps prior to the referee's order to sell the incumbered homestead, either of them may begin such proceedings the next day, thereby destroying the homestead thus set aside. In view, however, of the claimed distinction, I have again re-examined at length the questions involved, and have reached the conclusion that the judgment of the referee is erroneous and must be reversed. My reasons for this conclusion will be briefly stated.

[1] The Bankruptcy Act does not create any personal or homestead exemptions in favor of the bankrupt. It merely preserves to the bankrupt the full benefit of such exemptions as at the time of the adjudication he is entitled to under the state law. Bankruptcy Act, §§ 6, 7a (8), 47a (11), 70a; Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018. The determination, therefore, of this question depends on the state of the Ohio law respecting homestead exemptions.

[2] The Ohio laws conferring a homestead exemption, or an allowance in lieu thereof, are found in the General Code, §§ 11730 to 11740, inclusive. The policy of the law and the rules for construing and applying the same are stated in numerous Ohio cases. See Sears v. Hanks, 14 Ohio St. 298, 84 Am. Dec. 378; McConville v. Lee, 31 Ohio St. 447; In re Assignment of Kraus, 79 Ohio St. 314, 87 N. E. 176; Carter v. Ross, 8 Ohio Cir. Ct. R. 139, affirmed by Supreme Court for reasons stated in opinion of Circuit Court, 54 Ohio St. 664, 47 N. E. 1116.

In brief, these exemption sections are to be liberally construed with a view of accomplishing the humane purpose for which they were enacted. The homestead exemption, it is said, is not given for the benefit of the debtor, but for the protection of his family, and in part for the protection of the public who might otherwise be burdened with the partial support of an insolvent debtor's family. In construing and applying these sections the Ohio Supreme Court has extended their protection, whenever the law or the facts brought a case within the policy and reason thereof.

The present case would seem to be clearly within the reason of the law, and if the bankrupt is to be denied the benefit thereof, it must be because the present facts put him without the language of the statute.

Section 11730 in substance provides that a husband answering the description of a person entitled to a homestead may hold exempt from sale on judgment or order a family homestead not exceeding $1,000 in value. Sections 11734 to 11736 prescribed how this homestead may be set aside and deals also with special situations, such as a homestead in land the title to which is in another, the homestead of a deceased husband who has left a widow, etc. In brief, on proper application and before sale, the officer, executing the writ shall set off to the debtor by metes and bounds a homestead not exceeding $1,000 in value, and if exception is taken the court may order a reappraisement and reassignment of the homestead. The remainder of the debtor's lands and tenements may be sold on execution. If the homestead is, in the opinion of the appraisers, indivisible, without manifest injury or inconvenience, the debtor may occupy it by paying the reasonable rental value thereof in excess of $100, which is treated in that case as his homestead. The homestead thus set aside by metes and bounds may be reappraised every two years thereafter.

Obviously in applying these provisions it is necessary to set aside for the debtor a homestead which he may occupy and hold as against the right of any creditor to sell the same, and such is the procedure approved in Ohio. Kelly v. Duffy, 31 Ohio St. 437. Manifestly this procedure cannot be followed if the premises are burdened with a mortgage or other lien against which neither the debtor nor his wife

can claim a homestead exemption; for instance, a mortgage in which the husband and wife have joined. A part of the premises cannot be withdrawn from the mortgage without impairing the contract with the mortgagee. In that situation the homestead is charged with liens which preclude the allowance of a homestead, and a different rule is applied to meet the different condition. The homestead premises, it is provided, may be sold and the residue of the proceeds, not exceeding $500, shall be paid to the person entitled to the homestead. Sections 11733, 11737.

In the present case the premises are subject to liens which preclude the setting apart of the same or any part thereof as a homestead, pursuant to these provisions. The mortgages cover the entire premises, and no part of them could be assigned by metes and bounds to the debtor, and he be given the right to continue in the occupancy thereof prior to the mortgagee's right to sell the same. Yet this is precisely what was attempted, and the result must of necessity prove ineffecutal and deprive eventually the debtor of the protection given by the homestead exemption law.

In this situation, that is, when the premises are charged with liens which preclude the assignment to the debtor of a homestead by metes and bounds, section 11737 provides that after sale is had of the premises, and the prior liens are paid, the balance, if any, not exceeding $500, shall be paid to the debtor in lieu of a homestead. This course was not followed. If it had been followed, the apparent equity of $200 might have been wiped out, or it might have been increased to $500. It is proper in a court of bankruptcy to sell premises thus incumbered. Collier, p. 1040. This procedure would determine exactly and definitely the extent of the debtor's homestead exemption. It does not seem to me that the protection accorded by the law and claimed by the debtor can be made to depend on the willingness or unwillingness of the mortgagees, or of the trustee in bankruptcy to exercise their legal right, and especially not upon the neglect or failure of the trustee to perform his whole duty in administering the bankrupt's property.

[3] Section 11738 provides that a husband answering the description of a person entitled to claim a homestead exemption, but who is not the owner of a homestead, may, in lieu thereof, hold exempt from levy and sale, real or personal property, not exceeding $500 in value. It is on the strict letter of the expression "not the owner of a homestead" that Bartram v. McCracken, supra, was decided, and on which the judgment of the referee in the present case was rested. It is agreed that the debtor's right to a homestead exemption must be determined on conditions existing at the time of the adjudication; and it is contended that, inasmuch as he was then occupying the premises as a homestead, the title to which prior to the adjudication was in him, he is the owner of a homestead, and therefore not within the language of section 11738.

This reasoning does not commend itself to me. In my opinion, it is unsound and in conflict with the reasoning, if not the ruling, of the Supreme Court of Ohio in numerous cases. In Bartram v. McCracken, supra, the sheriff had levied on personal property. The debtor made a claim for an allowance from this property of $500 in lieu of a home-

stead. It appeared that he was then owing and occupying a homestead, but that it was incumbered by mortgages in excess of its value. The Supreme Court says that the law makes no provision in that situation whereby the sheriff may proceed to inquire respecting the value of the real estate and the validity and amount of the mortgages thereon, and, as a result of his findings thus made, determine whether or not the allowance should be made. Section 11734 supports this reasoning. But, as stated by me in the Radcliffe Case, a different situation exists when title to all the debtor's property has been transferred by a general assignment or by operation of the Bankruptcy Law, upon an adjudication, to an assignee or to a trustee in bankruptcy. The bankrupt cannot then be said to be the owner of the homestead which he had previously owned, and which he may still be occupying. He is the owner of nothing except a right to claim a homestead in the premises or an allowance in lieu thereof under the sections above cited of the Ohio statutes. The bankrupt in this case exercised this right. His claim, however, has not been allowed, but instead premises charged with liens which preclude the allowance to him of a homestead therefrom by metes and bounds have been set aside to him burdened with these liens; and this, it is said, is giving him the benefit and protection of the humane provision of the Ohio exemption law. I do not agree with this conclusion.

I am of opinion that, when all the real and personal property of an insolvent debtor has been, either by a general assignment made by himself, or as a result of an adjudication in bankruptcy, transferred to an assignee or trustee, subject only to the debtor's reserved right or claim of an exemption, he cannot be said to be the owner thereafter of a homestead, and that neither the reasoning nor the decision in Bartram v. McCracken has any application.

As stated by me in Re Radcliffe, a contrary holding is required by certain decisions of the Supreme Court of Ohio, among others the following: Carter v. Ross, 8 Ohio Cir. Ct. R. 139, affirmed for reasons stated by the Circuit Court, 54 Ohio St. 664, 47 N. E. 1116; Niehaus v. Faul, 43 Ohio St. 64, 1 N. E. 87; Fry v. Smith, 61 Ohio St. 276, 55 N. E. 826; In re Kraus, 79 Ohio St. 314, 87 N. E. 175; Sears v. Hanks, 14 Ohio St. 298, 84 Am. Dec. 378; McConville v. Lee, 31 Ohio St. 447; Moody v. Whitaker, unreported decision by Ohio Supreme Court, 22 W. L. B. 168. See, also, In re Buckingham (D. C.) 102 Fed. 972; In re Davies, 10 Ohio N. P. (N. S.) 205. An examination of these decisions will show that in every case of a general assignment, not containing an express waiver of exemptions, the Supreme Court of Ohio has saved to the debtor the full amount of his homestead exemption. It has done this regardless of whether the claim is made before or after the sale, or whether made informally or with technical exactness. If it be true, as is contended, that the time of making the claim or the manner of setting aside the exemption is controlled by the Bankruptcy Act, and not by the state law, rules of procedure cannot be permitted to destroy substantial rights. The procedure in the bankruptcy courts is flexible enough to permit the liquidation of a bankrupt estate so as to preserve and protect all the bankrupt's rights of personal and homestead exemptions and of al-

lowances in lieu thereof. If it were not, then the debtor's exemptions given by the state law and admittedly preserved by the Bankruptcy Act would be destroyed.

[4] No point was made in argument touching the informal manner in which the debtor made his claim or specified the property to be set aside to him. Section 11738 does not contemplate a blanket claim for $500 in lieu of homestead exemption, but rather requires a specification of the real estate or articles of personal property thus claimed. If any point is made, it would be the duty of the referee to permit a proper amended claim to be filed. In re Berman (D. C.) 140 Fed. 761; In re Radcliffe, Ohio Law Rep. July 23, 1917; In re Kraus, 79 Ohio St. 314, 87 N. E. 176.

In my opinion, the proper procedure in this case would have been to order the premises charged with the liens, precluding the setting apart of the homestead by metes and bounds, to have been sold, and if a surplus resulted to pay the same, not exceeding $500, to the debtor. If the surplus did not amount to $500, then the deficiency should have been allowed from the personal property. It would not be improper, however, in this situation to allow the debtor $500 at once from the personal property and subrogate the trustee to the debtor's right against the surplus, if any, produced by a sale of the homestead premises. This course might result in a more expeditious and convenient administration of the estate.

The judgment of the referee will therefore be reversed, with instructions to proceed further in conformity to the conclusions stated herein.

An exception may be noted on behalf of the trustee to this ruling.