# CASES

## ARGUED AND DETERMINED

IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

---

In re STITT.

In re ROSENBAUM.

(Circuit Court of Appeals, Sixth Circuit.    August 3, 1918.)

No. 3139.

1. BANKRUPTCY ⬅400(3)—EXEMPTION—APPLICATIONS.

Gen. Code Ohio, § 11738, contemplates that exemptions be claimed by way of selection before sale of specific articles of personal property, but the manner and time of claiming exemptions in bankruptcy proceedings is matter of procedure, and the District Court had power, under the facts presented, to permit a bankrupt who had been depending for an exemption out of the proceeds of sale of a homestead under section 11737, the proceeds of which did not cover mortgage debts, to make a claim for exemption out of the proceeds of personalty after sale.

2. BANKRUPTCY ⬅400(1)—EXEMPTIONS—BURDEN OF PROOF.

Where bankrupt proved he was a married man, living with wife and not owner of homestead, when filing claim for exemption under Gen. Code Ohio, § 11738, burden was on trustee under the case presented, to affirmatively show that there was not $500 worth of personalty belonging to the estate paid for, and so not subject to prior claims for purchase price.

3. BANKRUPTCY ⬅395(1)—EXEMPTIONS—"OWNER OF HOMESTEAD."

A bankrupt, who had title to a homestead which did not sell in the bankruptcy proceedings for enough to satisfy mortgages against it, was not the owner of the homestead, within Gen. Code Ohio, § 11738, as to allowances from personalty.

4. BANKRUPTCY ⬅446—APPEAL—QUESTIONS OF FACT.

In proceeding in Circuit Court of Appeals to revise order of District Court allowing exemptions to a bankrupt, questions of fact cannot be determined or reviewed, when there is any evidence to support them; nor, in the absence of the testimony, can a finding that there is no such evidence be reviewed.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio, in Bankruptcy; D. C. Westenhaver, Judge.

In the matter of the petition of W. C. Stitt, trustee in bankruptcy of the estate of Max B. Rosenbaum, bankrupt, to revise an order of

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

252 F.—1

the District Court of the United States for the Northern District of Ohio allowing statutory exemptions.   Order affirmed.

Guy Ohl and Walter C. McKain, both of Youngstown, Ohio, for petitioner.

Horace T. Smith, George Edwards, and David Steiner, all of Youngstown, Ohio, for respondent.

Before KNAPPEN and DENISON, Circuit Judges, and WALTER EVANS, District Judge.

KNAPPEN, Circuit Judge.   Petition under section 24b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9608]) to revise an order allowing statutory exemptions.   The bankrupt was adjudged such on his voluntary petition December 4, 1915. He had two parcels of real estate, on one of which he then resided with his wife, Lena Rosenbaum, and their children.   In the course of bankruptcy administration the real estate was sold, bringing a trifle less than the amount of two mortgages thereon.   The personal estate realized a considerable amount.

Section 11737 of the General Code of Ohio, then in force, gave to the head of a family or to the wife upon the sale on execution of an incumbered homestead an exemption, in lieu of homestead, to the extent of $500, out of the net proceeds of the sale above prior liens; and section 11738 provides that:

"Husband and wife living together * * * and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale real or personal property to be selected by such person, his agent or attorney, before sale, not exceeding $500 in value, in addition to the amount of chattel property otherwise by law exempted."

Application was duly made for the payment of the exemption, as well as for dower in the real estate.   The referee denied all claims for exemption, as well as the wife's claim of dower.   The District Judge, on review, affirmed the action of the referee in denying the wife's claim to dower, but allowed the claim to the $500 exemptions out of the proceeds of the sale of personalty.   The wife acquiesces in the denial of her claimed dower.   The trustee seeks review of the allowance of exemptions.   The case thus involves only the propriety of their allowance from personalty.   The grounds of the objection thereto are these.

[1] 1. That the Ohio statute requires that the exemptions be claimed by way of selection, before sale, of specific articles of personal property, that by failing to so select and demand the right to exemptions was waived, and that the bankruptcy court had no power to award exemptions in cash out of the proceeds of the sale.

We accept the construction of the Ohio statute adopted by the Ohio courts, as contemplating a selection of specific articles of personalty before execution sale.   In re Baker (C. C. A. 6) 182 Fed. 392, 104 C. C. A. 602.   But the question is whether, by departing, in the course of bankruptcy administration, from the specific method of selection provided by the Ohio statute with reference to sales on execution, the

right to exemptions is irrevocably lost. It is true that the right to exemptions is a personal privilege, and may be waived by the debtor: but the Bankruptcy Act aims to assure to him the exemptions given by the statutes of the state. Section 6a of the act (Comp. St. 1916, § 9590) expressly gives the benefit of the statutory exemptions, whatever they may prove to be. In re National Grocer Co. (C. C. A. 6) 181 Fed. 33, 35, 104 C. C. A. 47, 30 L. R. A. (N. S.) 982. Section 2, subd. 11, (Comp. St. 1916, § 9586), expressly authorizes courts of bankruptcy to "determine all claims of bankrupts to their exemptions"; and General Order No. 17 (89 Fed. viii, 32 C. C. A. xix) requires the trustee to report to the court "the articles set off to the bankrupt by him."

The record in this case effectually repels any inference of waiver, actual or intended, unless the mere failure to demand specific articles of personalty before sale inflexibly works such waiver as matter of law. By the schedules filed with the petition for adjudication in bankruptcy the $500 exemption was expressly claimed in cash out of the proceeds of the sale of real estate, "or the proceeds of the sale of his personal property, as provided in sections 11737 and 11738 of the General Code of Ohio." The referee has found as a fact that "there was no cash in this estate at the time of the adjudication," whose date was that of the petition therefor. As early as January 14, 1916, the bankrupt's wife also filed a claim to exemptions from the homestead, and on July 19, 1916, she demanded exemption from the personalty in lieu of real estate. Up to this time the trustee had not refused to set aside exemptions from personalty. Both the bankrupt and his wife had apparently at first expected that the real estate would bring enough to leave a surplus available for dower and homestead exemptions above the one mortgage admitted to be an antecedent lien. The sale of the real estate on July 12, 1916, failed to bring the amount of the two mortgages thereon. Whether on July 19th it had been definitely determined that the other mortgage was also a valid antecedent lien is not clear, but presumably the small price realized at the sale of the realty made the necessity of resort to personalty seem more probable. Until it appeared that the exemptions could not be had from real estate, the personalty could not be resorted to. Meanwhile the personalty (largely a merchandise stock) had been partly sold at retail. The last of it was sold in bulk in June or July, 1916; the precise time does not appear.

Under these circumstances, we think the bankrupt cannot be said, as matter of law, to have waived the right of exemptions in personal property. It is not suggested that the estate has suffered or will suffer from the failure to select, as exempt, before sale, specific articles at their appraised valuation. In such a case it would be proper to diminish the award of exemptions by a proper proportion of the costs of sale and by the difference between sale price and appraised valuation. In re Crum (D. C.) 221 Fed. 729, 34 Am. Bankr. Rep. 586. But that question is not here. We agree with the District Judge, that the manner and time of making, in the course of bankruptcy administration, the statutory claims for exemptions is matter of procedure only, and that under the circumstances presented here it would have been the

plain duty of the court below to permit an amendment to the claim so as to call for the application of proceeds of personalty sold. These conclusions are fortified by a prior decision of Judge Westenhaver (In re Radcliffe, Bankrupt [D. C.] 243 Fed. 716, 39 Am. Bankr. Rep. 612), and the opinion of Judge Tayler (In re Berman [D. C.] 140 Fed. 761), and are not inconsistent with In re Stern, 30 Am. Bankr. Rep. 694. To hold otherwise would be to permit the exemption statutes to be emasculated through a narrow and purely technical construction. We find nothing in the cited decisions of the Ohio state courts compelling such construction. The action of the District Judge must be treated as in effect permitting such amendment. We think his action right.

[2] 2. The trustee's second ground of objection is that the bankrupt has not shown that any of the personal property belonging to the estate has been paid for. This objection rests on the fact that the concluding clause of section 11738, above cited, provides that:

"No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

There is no affirmative claim that there was not in fact more than $500 of personal property paid for, and thus not subject to prior claims for the purchase price. The fact that the debtor's property was less in value than his debts has no tendency to show that no portion of the stock on hand, and represented by the $500 exemption, was paid for. The question is, at the best, merely one of burden of proof. We think that, under the case presented, the District Judge rightly held that the burden was on the trustee to show that there was not on hand $500 of personalty not subject to prior claims for purchase price. True, it is the general rule that one claiming exemptions must show himself to be within the terms of the statute. The bankrupt did this when he proved that he was a married man, living with his wife, and not the owner of a homestead. The later clause, relating to executions for purchase price, was not, strictly speaking, a statutory condition of his general right to exemption from personal estate. It would naturally prevent the debtor claiming as part of his exemptions specific articles of property then subject to execution for purchase price; but that would seem to be its only effect. It is also true that the trustee in bankruptcy has the same rights as a creditor holding execution. But (and this is all we need decide) we think that, under the case as it stood below, the trustee was fairly called upon to show that there was not $500 worth of personalty belonging to the estate paid for. The record, so far from supporting an inference that the personal estate was all unpaid for, tends rather to the contrary. The retail sales of the stock of merchandise had covered a considerable period; the amount thereof is not shown, but it affirmatively appears that the net profit therefrom was about $1,750, and that the bulk sale of the remainder brought $8,925. The natural presumption would be that the estate had at least $500 of personalty not represented by goods unpaid for. We think this ground of objection not good.

[3] 3. Section 11738 of the General Code of Ohio permits the al-

lowance of exemptions from personalty only in case the debtor is "not the owner of a homestead." The trustee contends that the bankrupt was in fact the owner of a homestead at the time of the adjudication, and that his status as to right to exemptions must be taken as of that date.

It is true that, while the bankrupt's real estate generally passed to his trustee, his homestead rights therein did not so pass (In re National Grocer Co., supra, 181 Fed. at page 35, 104 C. C. A. 47, 30 L. R. A. [N. S.] 982, and cases there cited); and it is also true, broadly stated, that the bankrupt's status at the time of the adjudication governs. But to carry this reasoning, under the facts of this case, to the extent of denying the right of exemptions, is to "stick in the bark." The homestead right turned out to be one in form only; from the beginning, it utterly lacked substance, except to the extent of a few months' occupancy prior to its sale in bankruptcy; and for reasons which seemed to the District Judge good, the trustee's claim for rent during this occupancy, as against the claimed exemptions, was rejected; and the trustee does not complain. The recognition of the shadowy nature of the homestead right doubtless prompted the twofold claim as to method of payment, not only included in the debtor's schedules, but in the later claims presented by the bankrupt's wife. The homestead right disappeared in the actual course of the bankruptcy administration, by the sale of the real estate at less than the amount of the mortgages thereon, and by the adjudication that both mortgages were antecedent to homestead and dower rights. The disappearance was as effectual as if the right had not been claimed. In fact, the estate got the benefit of one of the mortgages in question. The history of the exemption claims already given brings the case directly within the spirit of the statute. We think the third objection equally without merit.

4. The referee found that the bankrupt had failed to account to the trustee for merchandise in his possession, and under his exclusive control, during the 11 months preceding the date of the adjudication, in the value of $37,630.89. The District Judge expressed the opinion that "the fraudulent conduct and the loss by mismanagement of the bankrupt prior to the adjudication does not affect either his right or his wife's right to the exemptions allowed by law," and that unless the bankrupt had the merchandise in question in his possession and under his control at the date of the adjudication his prior possession and control furnished no reason for denying the right to exemptions.

We find it unnecessary to consider whether or not this view is correct, for the District Judge expressly stated not only that he found no evidence to support the referee's finding that the amount of the property in the bankrupt's possession prior to adjudication was the amount already stated, "except a comparison between the condition shown in the bankrupt proceedings and the credit statement of the bankrupt furnished a year before"; but he had already said, "Neither do I find any evidence that the bankrupt failed to account to the trustee for merchandise in his possession and under his exclusive control." This apparently refers to the referee's finding No. 7, invoked by the trustee,

and which we have cited above. The District Judge apparently meant not only that the fact found by the referee would not defeat the claim for exemption, but that there was no evidence to support that finding of fact.

[4] On this proceeding to revise we are limited to a review in matter of law, and cannot determine questions of fact involved in the finding or order sought to be reviewed, when there is any evidence to support them; nor in the absence of testimony can we review a finding that there is no such evidence. Duryea Power Co. v. Sternbergh, 218 U. S. 299, 302, 31 Sup. Ct. 25, 54 L. Ed. 1047; In re Stewart (C. C. A. 6) 179 Fed. 222, 228, 102 C. C. A. 348; In re Holden (C. C. A. 6) 203 Fed. 229, 233, 121 C. C. A. 435; In re Wood (C. C. A. 6) 248 Fed. 246, 249, —— C. C. A. ——. The evidence taken by the referee was all before the District Judge; none of it is before us. The judge's statements regarding the lack of evidence must, upon this record, be treated as findings of fact, and are binding on us as such. In re Wood, supra.

We have considered all the grounds of objection to the order below, so far as discussed in this court on behalf of the trustee. We find no prejudicial error in respect to either of them, and the order complained of is accordingly affirmed, with costs.